19116

John M. POWERS, Respondent, v. The CITY OF AIKEN, Appellant

(177 S. E. (2d) 370)

*Henry Busbee, Esq.,* of Aiken, *for Appellant,*

*John T. Bodenheimer, Esq., of Henderson, Salley, Cushman & Bodenheimer, of Aiken, for Respondent,*

November 2, 1970.

LITTLEJOHN, Justice.

This action was brought by the plaintiff, Powers, against the City of Aiken to recover damages resulting to him from the negligent operation of a city patrol car. The jury awarded Powers actual damages. The city has appealed.

Under the terms of Section 47-71 of the 1962 Code (recently repealed) recovery may be had against a municipality only in case negligent acts on behalf of the city are the *sole* proximate cause of the injury. It is alleged in the complaint:

"That the aforesaid collision was the proximate result solely of the acts of negligence of the said police officer and was not brought about either in whole or in part by the negligence or carelessness of the plaintiff or by the contributory negligence of the third party."

It is implicit in the verdict that the jury found that the damages which Powers sustained were proximately caused solely by the negligent acts of a police officer in the operation of the city's patrol car.

The city raises three questions on this appeal, but has abandoned one of them, leaving only two for our determination:

1. Is there any evidence in the record showing actionable negligence on the part of the City of Aiken in bringing about the collision between the automobile of plaintiff and the automobile of a third party?

2. Is there any competent evidence in the record of this case tending to show that plaintiff, upon the occasion in question, was free of negligence in bringing about the collision between his automobile and an automobile of a third party?

Objection is made before us by counsel for Powers that the contention that there is no evidence of actionable negligence against the city was not raised in the court below. We have searched the record and agree that the trial judge was not given an opportunity to rule upon this issue, and accordingly, the question is not properly before us. This is a court of review. The purpose of an appeal under our procedure is to determine if the lower court did something that it should not have done, or omitted doing something it should have done. A trial judge will not be reversed for failing to grant a motion on a ground that was not submitted to him. For the guidance of the bar we restate the holding made by this court in many cases heretofore: This court will not grant relief on alleged error asserted for the first time on appeal.

The city has abandoned the exception wherein it first contended that there was no evidence showing that the collision was not brought about through the negligence of a third party.

There remains for our determination only one question, and that is: was Powers guilty of contributory negligence as a matter of law? If he was guilty of contributory negligence as a matter of law Powers cannot prevail. On the other hand, if the evidence is susceptible of

the inference that he was guilty of contributory negligence, and also of the inference that he was not guilty of contributory negligence, then a jury issue is made and the lower court must be affirmed.

We view the evidence in the light most favorable to the plaintiff for the purpose of our determination of this issue.

Just after dark in the evening of December 3, 1965, the plaintiff and his friend McDaniel were riding in a Ford owned by Powers along U. S. Highway 1 in an easterly direction in the town of Aiken. Highway 1 is a four lane road with two lanes of traffic going each direction and a median between.

As the Powers automobile approached Summit Drive, an intersecting street, and as it was reaching the crest of a hill, it was confronted with three other vehicles. The car of a Mrs. O'Neal was meeting the Powers vehicle and was beginning a left turn to enter Summit Drive. Her car had just entered the lane of traffic used by the Powers car and stopped. It was struck by Powers' car on or about the right front fender in the passing lane.

A police patrol car belonging to the city and driven by Sgt. Carpenter had been immediately in front of the O'Neal car and had just made a U-turn, which would place it in front of and headed in the same general direction as the Powers car. There is a dispute as to the exact location of the patrol car as the Powers car approached the intersection.

A pickup truck was coming out of Summit Drive toward Highway 1. It is the contention of Powers that no clear passageway was available to the driver of his car because Mrs. O'Neal's car blocked one lane of traffic and the city's car blocked the other lane of traffic. The brakes on the Powers car were applied and skid marks 83 feet long were indicated on the highway. There is evidence that Powers was intoxicated, but no evidence that McDaniel had been drinking.

The city argues that Powers was driving the automobile in which he was riding, that the speed of the car was in violation of the law, that the condition of one of the tires was worn, and used in violation of the law, and that the car was in the wrong lane at the time of the collision. Powers and witness McDaniel categorically deny that Powers was the driver of the car.

There can be no doubt but that a jury issue was made on the question of who was the driver of the Powers vehicle. Assuming *arguendo* that statutes were breached by McDaniel and/or Powers which would be negligence *per se,* we think the evidence was susceptible of more than one reasonable inference on the issue of proximate cause; that question was solely within the province of the jury. *Rowe v. Frick,* 250 S. C. 499, 159 S. E. (2d) 47 (1968) and cases cited in 250 S. C. at page 505.

The court is impressed with much of the argument submitted by the city. However, this argument relates to factual matters within the province of the jury and not within the sphere of this court's appellate control.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.