19211

Mr. & Mrs. L. E. BLACKWELL, Appellants, v. Cynthia E. BLACK-
WELL, Respondent.

(180 S. E. (2d) 894)

*M. A. McAlister, Esq.,* of Anderson, *for Appellants,*

*Messrs. Pruitt & Ruhle,* of Anderson, *for Respondent.*

April 27, 1971.

BRAILSFORD, Justice.

On June 19, 1969, Cynthia E. Blackwell obtained a de-
cree of divorce awarding custody of her two-year-old son,
David, to her. About two months later, David's paternal
grandparents, who had cared for the infant from shortly af-
ter birth until entry of the divorce decree, brought this ac-

tion for custody. The trial court's order, in effect, left the child with its mother but ordered supervision by the county welfare department. The grandparents have appealed.

The first exception alleges error in the admission of evidence. However, appellants state that they "do not seek a new trial (on this ground) ; they do not feel that a new trial would serve any useful purpose * * *." Rather, the improperly admitted evidence is said to have contributed to the trial judge's erroneous refusal to change effective custody. So viewed, this exception raises no issue distinct from the others, which charge abuse of discretion in failing to return the child to the custody of its grandparents.

In support of their petition, which is based upon alleged neglect and abuse of the child, the appellants offered a physician's testimony that several large bruises were found on his head during a weekend visit. The physician was unable to identify a probable cause of these marks. There was further evidence of various lesser maladies discovered during David's visits to the home of his grandparents. Witnesses for the mother, on the other hand, denied that the bruises were present on the child when he was delivered for visitation on the occasion in question. David's mother, stepfather and maternal grandmother all denied any mistreatment or neglect, testifying that the child was well cared for and loved in his new environment. The child's general good health and cleanliness were affirmed by the appellant grandparents' own physician.

On this record it cannot be said that the trial judge erred in denying a change of custody. The child was present at the argument in this court, and his appearance and attitude toward his mother and stepfather were quite reassuring.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.