## 20219

Sue NICHOLSON, as natural guardian of her minor child, David Burdette, age 10 years, Respondent v. Herbert MULL, Appellant.

(225 S. E. (2d) 186)

*Hubert E. Nolin, Esq.,* of Greenville, *for Appellant,*

*Kenneth E. Sowell, Esq.,* of Greenville, *for Respondent,*

May 20, 1976.

RHODES, Justice.

A default judgment was obtained against defendant-appellant, Herbert Mull. His motion to have the judgment vacated was denied by the lower court. We affirm.

The default judgment was based upon an action for personal injuries sustained by a minor ten years of age as a result of being bitten by a dog. Defendant was personally served with the summons and complaint but failed to answer within the required twenty days. Judgment for $1,500.00 was entered against defendant and, after supplemental proceedings were instituted, he moved to have the judgment vacated under S. C. Code § 10-1213 (1962).

The lower court denied the motion on the ground that no mistake, inadvertence, surprise or excusable neglect had been shown.

The only evidence in support of the motion to vacate the judgment is contained in the affidavit of defendant. This affidavit states that defendant received and read the suit papers, but failed to take any responsive action in that he did not understand the legal import of the papers and knew that he was not responsible for the incident as described in the complaint.

Also shown in defendant's affidavit is the fact that he was informed of the "dog bite" incident by a lawyer several months before he was served. The affidavit does not reflect defendant's educational status, but states that he is not versed in business and legal affairs. The record shows that defendant did not seek legal advice until after supplemental proceedings relating to the judgment were instituted against him.

Our review is limited to a determination of whether the facts offered by defendant are sufficient to warrant the denial of relief by the lower court under § 10-1213; *i. e.,* whether the lower court's ruling was controlled by some error of law or is without evidentiary support such as to constitute an abuse of discretion. *Evans v. Fiat-Roosevelt Motors, Inc.,* S. C., 222 S. E. (2d) 282 (1976).

In *McInerny v. Toler,* 260 S. C. 382, 196 S. E. (2d) 122 (1973), the defaulting party also believed the plaintiff had sued the wrong person and, consequently, did not consult counsel until after default. In affirming the lower court's refusal to vacate the judgment, we quoted, with approval, the following from its order:

"His [the defaulting party] actions, therefore, in failing to note the contents of the Summons or the allegations against him in the Complaint, indicates neglect, but does not constitute excusable neglect."

The facts presently before us also compel the conclusion that defendant failed to meet the first requirement for relief under § 10-1213 in that his own course of conduct negates excusable neglect.

Defendant also contends he was entitled to relief because of the length of time between the commencement of the action and entry of judgment, and the existence of substituted suit papers. However, the record fails to show that either of these facts contributed to defendant's initial inaction or prejudiced him in any manner.

Abuse of discretion, therefore, is absent and our review would normally end at this point. However, the record in this case shows that the suit was not brought by a minor through his guardian *ad litem* but rather through his natural guardian and mother.

Under our rules of procedure, a minor can only appear in a legal proceeding through a duly appointed guardian *ad litem.* S. C. Code § 10-231 (1962). This requirement is a matter of procedure and did not render the summons served on defendant void so as to affect the jurisdiction of the lower court. *See Robertson v. Blair,* 56 S. C. 96, 34 S. E. 11 (1899); *Greer v. Greenville County,* 245 S. C. 442, 141 S. E. (2d) 91 (1965). The issue concerning the failure to appoint a guardian *ad litem* in this action for the minor was not raised below and, not being jurisdictional, cannot be raised for the first time on appeal. *Powers v. City of Aiken,* 255 S. C. 115, 177 S. E. (2d) 370 (1970).

Affirmed.

Lewis, C. J., and Littlejohn, Ness and Gregory, JJ., concur