0040

The NATIONAL BANK OF SOUTH CAROLINA, Plaintiff-Respondent, v. Charles E. SMOTTS, Robert E. Lee Chrysler-Plymouth, Ivan Huntley, South Carolina National Bank, Gibbes Volkswagen, Inc., & Stanley Ehlers, Defendants, of whom Charles E. Smotts is the Appellant, v. TRANSOUTH FINANCIAL CORPORATION, Defendant and Third Party Plaintiff, v. The NATIONAL BANK OF SOUTH CAROLINA, Charles E. Smotts, Robert E. Lee Chrysler-Plymouth, Ivan Huntley, South Carolina National Bank, Gibbes Volkswagen, Inc., & Stanley Ehlers, Third Party Defendants.

(311 S. E. (2d) 98)

Court of Appeals

*Walter G. Newman* of *Atkinson, Davis & Newman,* Sumter, *for appellant.*

*William E. DuRant, Jr.,* of *Schwartz & DuRant,* Sumter, *for plaintiff-respondent.*

Jan. 9, 1984.

GARDNER, Judge:

This is a foreclosure action against appellant Smotts. Judge Ernest A. Finney issued a foreclosure decree not providing for deficiency judgment; subsequently, Judge Dan F. Laney, Jr., in further proceedings, issued his order granting deficiency judgment to respondent National Bank of South Carolina. From this order, Smotts appeals. We affirm.

Respondent bank, by its original complaint, sought foreclosure of a third mortgage on real estate. The complaint was amended, with the consent of Smotts, to include a prayer for deficiency judgment. Smotts defaulted. Thereafter other parties joined the action to protect their respective security interests in the property. On motion of the first mortgagee, Judge Finney, by order of January 16, 1980, decreed that the first and second mortgages of named defendants be foreclosed, that the property be sold and the proceeds of the sale be applied, after costs, to the various lien holders according to priority. The order recited that deficiency judgments had been waived; from the context, this referred only to the claims of the first and second mortgagees. However, the right of deficiency judgment of respondent bank was not adjudicated in Judge Finney's foreclosure decree. The property was sold, but the proceeds were exhausted by debts owed the first and second mortgage lien holders. Subsequently, in further proceedings, Judge Laney entered judgment against Smotts for the amount he owed respondent bank.

Appellant poses one question by this appeal. Was the order of Judge Laney in error as being a review and modification of an earlier order of another circuit court judge?

While it is well settled that one circuit judge cannot set ■■ aside or modify the orders of another, we find this rule to be inapplicable to this case. The right of respondent bank to judgment on the debt owed it by Smotts was not adjudicated by Judge Finney's foreclosure decree. Judge Laney's order does not overrule or modify Judge Finney's order; it merely supplements it by disposing of a remaining issue presented by the pleadings.

Under general principles of mortgage law, a mortgagee ■ is not denied the full amount due him merely because he elects initially to pursue his remedy by foreclosure. Obtaining an order for deficiency judgment is an acceptable sequel to foreclosure and when done, it is taken as a matter of course. *Perpetual Building and Loan Association of Anderson v. Braun*, 270 S. C. 338, 242 S. E. (2d) 407 (1978).

We hold that the bank's right to a deficiency judgment was adjudicated for the first time by Judge Laney and that his order in no way set aside or modified the previous order of Judge Finney.

Affirmed.

SANDERS, C. J., and BELL, J., concur.