0334

PORTER BROTHERS, INC., Respondent, v. Marvin H. THOMPSON and Melva Faye Thompson, Appellants.

(324 S. E. (2d) 327)

Court of Appeals

*Nolen L. Brunson* of *Hayes, Brunson & Gatlin,* Rock Hill, *for appellants.*

*David R. Duncan* of *Hovis & Duncan Law Offices, P.A.,* Rock Hill, *for respondent.*

Heard Oct. 24, 1984.

Decided Dec. 12, 1984.

GOOLSBY, Judge:

The appellants Marvin H. Thompson and Melba Faye Thompson, who are husband and wife, appeal the trial court's refusal to vacate a default judgment obtained against them by the respondent Porter Brothers, Inc. We affirm.

Porter Brothers, with the assistance of counsel, instituted this action on June 3, 1981, by personal service of a summons and verified complaint upon the Thompsons. The action is based on a promissory note which, among other things, contains a stipulation that, in the event of default, the Thompsons would pay all costs of collection, including a reasonable sum as an attorney's fee should the note be given to an attorney for collection.

The Thompsons neither demurred to nor answered the complaint within the time prescribed by law. On July 2, 1981, the trial court granted Porter Brothers a default judgment against the Thompsons in the amount of $11,448.20, plus $1,717.23 for an attorney's fee, and $17.85 for costs.

Ten months later, on May 6, 1982, the Thompsons moved to set aside the default judgment. They alleged that the default judgment was obtained through their mistake, inadvertence, surprise, or excusable neglect and that it was improperly entered because the total amount sued for was unliquidated and the trial court received no testimony concerning the whole amount due.

The trial court conducted a hearing upon the motion on June 7, 1982. In an order dated June 18, 1982, the trial court concluded that, while the Thompsons failed to prove mistake, inadvertence, surprise, or excusable neglect, the record contained no evidence supporting the amount awarded Porter Brothers as an attorney's fee. The trial court reopened the judgment pursuant to Section 15-35-310 of the South Carolina Code of Laws (1976) to the extent that Porter Brothers was awarded $1,717.23 as an attorney's fee.

The Thompsons, who admit proper service of the summons and verified complaint, first maintain that the trial court abused its discretion in not vacating the default judgment in its entirety on the ground of excusable neglect. In their testimony before the trial court, the Thompsons claimed they did not know that by not responding to the complaint they waived their right to contest the action. They also asserted that they thought they would receive further notice from Porter Brothers regarding a court hearing and believed they could put forth their defense to the action at that time. The Thompsons do not question the sufficiency of the summons, which both admit reading. Indeed, the summons appears

regular in all respects. *See,* S. C. Code of Laws Section 15-9-20 of the Code (1976).

With regard to their first contention, our review is limited to a determination of whether the trial court's ruling was controlled by some error of law or is without evidentiary support so as to constitute an abuse of discretion. *Nicholson v. Mull,* 266 S. C. 559, 225 S. E. (2d) 186 (1976); *see, Em-Co Metal Products v. The Great Atlantic & Pacific Tea Co.,* 280 S. C. 107, 311 S. E. (2d) 83 (S. C. App. 1984).

We think this case is not dissimilar to *Nicholson.* In that case, the defendant, as did the defendant here, received and read the suit papers and failed to take any responsive action. There, the defendant claimed he did not understand the legal import of the papers. The defendants in this case make a similar claim. In *Nicholson,* the Supreme Court found no abuse of discretion in the trial court's refusal to vacate a default judgment. We likewise find none here.

The Thompsons next maintain that the trial court erred in refusing to reopen the default judgment in its entirety because the total amount sued for was unliquidated and they were not given a hearing to determine the whole amount due. Although the Thompsons admit that the amount due as principal and interest on the note was a liquidated amount, they maintain that the addition of an unliquidated amount for an attorney's fee made the entire demand unliquidated. We do not agree.

Section 15-35-310 of the Code provides in part that "[w]hen the action is on a complaint for the recovery of money only judgment may be given for the plaintiff by default ... if the demand be liquidated...." The instant action clearly is one for the recovery of money only and the demand by Porter Brothers for the sum due under the note as principal and interest concededly involved a liquidated amount. Judgment by default for the amount due as principal and interest, therefore, was appropriate.

The fact that Porter Brothers pursuant to a provision contained in the note demanded a reasonable sum as an attorney's fee did not render unliquidated its demand for the principal and interest due on the note. Porter Brothers' demand for the amount due on the note as prin-

cipal and interest was, like the demand for costs, separate from its demand for an attorney's fee. *Cf.* 17 Am. Jur. (2d) *Contracts* Section 292 at 708 (1964) (most courts view a stipulation for an amount as an attorney's fee as a contract for indemnity).

We cannot say, then, that the trial court, when it reopened the judgment to determine the amount due Porter Brothers as an attorney's fee, abused its discretion in not reopening the default judgment concerning the liquidated amount due Porter Brothers as principal and interest.

Affirmed.

SHAW and CURETON, JJ., concur.