0429

Floyd W. MANN and Murlene W. Mann, Appellants, v. Debra Lynn M. WALKER, Steve Jones, and Shannon Lee Jones, a minor under the age of fourteen (14) years, Respondents.

(328 S. E. (2d) 659)

Court of Appeals

*W. Newton Pough,* Orangeburg, *for appellant.*

*Marty S. McGee, Bryant, Fanning & Yarborough,* of Orangeburg, *for respondents.*

*Samuel F. Ried Jr.,* Orangeburg, *guardian ad litem.*

Heard Feb. 20, 1985.

Decided April 2, 1985.

SANDERS, Chief Judge:

Appellants Floyd and Murlene Mann appeal from two orders of the Family Court. One vacated a default judgment ordering the adoption of a minor child, and the other returned custody of the child to her natural mother, respondent Debra Lynn Walker. We affirm.

This action was initiated by the Manns who sought to adopt the child. The child's natural father was served but did not answer or otherwise participate in the case. Ms. Walker was also served but she did not file a timely answer. After a hearing, Family Court Judge Maxey Watson ordered adoption of the child by the Manns. Upon learning that the Manns had adopted the child, Ms. Walker immediately retained counsel who moved the court for an order of relief from the default judgment pursuant to Section 15-27-130 of the 1976 Code of Laws of South Carolina. The matter was heard by Family Court Judge Alvin Biggs who vacated the default judgment and allowed Ms. Walker to answer. Judge Biggs then heard the case on its merits and returned custody of the child to Ms. Walker.

The undisputed facts in this case are as follows. The child was born to Ms. Walker on August 9, 1979 in Arkansas. After Ms. Walker and the child arrived in South Carolina, they lived with the Manns. Mr. Mann is Ms. Walker's father and Ms. Mann is her stepmother. In September 1980 Ms. Walker left the Manns' home after Mr. Mann beat her with a belt. In October 1980, the parties executed an agreement in which

they agreed that custody of the child would be transferred to the Manns until Ms. Walker could "provide a good and suitable home and care for and educate said child." The agreement also provided that "if . . . [Ms. Walker] desires that the child be adopted, she does agree that the . . . [Manns] will have the right to adopt said child" and that in any adoption proceeding following her death "this instrument shall be introduced . . . to verify the agreement of said adoption."

Since moving to this state Ms. Walker has had a series of low paying jobs but since February 1982 she has been employed at a textile mill where she earns sufficient wages to afford a new apartment, furniture and a car. When the Manns had custody of the child, both of them were employed and while they worked, the child was cared for by Virginia Mann, Mr. Mann's sister-in-law and Ms. Walker's aunt. Virginia Mann testified on behalf of Ms. Walker and indicated that Ms. Walker had made arrangements with her to continue babysitting for the child should she regain custody of the child. From the time of the custody agreement until the decision of the Family Court, Ms. Walker provided the child with some clothing and visited her at both Virginia Mann's home and the home of her father and stepmother. The child has been in Ms. Walker's custody since October 1982.

The Manns first argue that Judge Biggs was without authority to vacate the default judgment ordered by Judge Watson. We reject this argument.

Ordinarily, one trial judge cannot set aside an order of another. *National Bank of South Carolina v. Smotts*, 280 S. C. 126, 128, 311 S. E. (2d) 98, 99 (S. C. App. 1984). However, this principle is inapplicable under the circumstances here. The threshold questions decided by the two judges were different. Judge Watson decided Ms. Walker was in default because of her failure to answer. Judge Biggs decided that even though she was in default, her failure to answer was excusable because of facts not considered by Judge Watson. There is no indication Ms. Walker attempted to direct the case to Judge Biggs and away from Judge Watson, who initially ordered the default judgment. Instead, the opposite appears true. Upon learning that the default judgment had been ordered, Ms. Walker properly filed her motion for relief, not with Judge Biggs, but with the Family Court.

Judge Watson, as the chief family court judge presiding in the circuit at the time, then assigned the case to Judge Biggs pursuant to his authority provided by Section 20-7-1400 of the 1976 Code of Laws of South Carolina. Moreover, it does not appear that the Manns ever objected to Judge Biggs' hearing the motion when it was before him. This court will not grant relief on an alleged error asserted for the first time on appeal. *Powers v. City of Aiken*, 255, S. C. 115, 177 S. E. (2d) 370 (1970). *See Butler v. Sea Pines Plantation Co.*, 282 S. C. 113, 317 S. E. (2d) 464, 470 (S. C. App. 1984).

The Manns next argue that Judge Biggs erred in granting Ms. Walker's motion even if he had authority to do so. We also reject this argument.

Section 15-27-130 provides that the court may relieve a party from a judgment taken through excusable neglect. This section is liberally construed to see that justice is promoted and to strive for disposition of cases on their merits. *Em-Co Metal Products, Inc. v. Great Atlantic & Pacific Tea Co.*, 280 S. C. 107, 109, 311 S. E. (2d) 83, 85 (S. C. App. 1984). A party seeking relief under this section must show (1) mistake, inadvertence, surprise or excusable neglect, and (2) the existence of a meritorious defense. *Commercial Credit Corporation v. Knight*, 272 S. C. 435, 248 S. E. (2d) 589 (1978). An order of the trial judge issued pursuant to this section will not be disturbed absent a clear showing of abuse of discretion. *Em-Co Products, Inc. v. Great Atlantic & Pacific Tea Co.*, 280 S. C. 107, 110, 311 S. E. (2d) 83, 85 (S. C. App. 1984).

Judge Biggs found Ms. Walker's failure to answer was excusable because she was misled by the agreement which she had with the Manns into believing that no adoption would be ordered unless she consented. He further found Ms. Walker had a meritorious defense to the action since there had been no consent to the adoption of child as required by Section 20-7-1710 of the 1976 Code of Laws of South Carolina, as amended. Based on these findings, Judge Biggs relieved Ms. Walker from the default judgment. In our opinion, he did not abuse his discretion in doing so.

The Manns next argue that Judge Biggs should have required Ms. Walker to serve her answer on the child's natural father before proceeding to hear the case on its merits. We also reject this argument. The natural father had

already been served with the Manns' summons and petition seeking the adoption and had not answered. Judge Watson had found that he was in default. Unlike Ms. Walker, he did not seek to have the judgment entered against him vacated. The Manns' stated interests are adverse to those of the natural father and for this reason, they have no standing to raise interests which pertain to him. *Cf., Bivens v. Knight,* 254 S. C. 10, 13, 173 S. E. (2d) 150 (1970) ("A party ... cannot appeal from a decision which does not affect his interest, however erroneous and prejudicial it may be to the rights and interests of some other person.").

The Manns next argue that Judge Biggs erred in requiring them to proceed first with their proof after the default judgment had been vacated instead of requiring Ms. Walker to first prove the allegations of her answer. We also reject this argument. Once the judgment had been vacated, then it was proper to require the Manns to proceed in proving the allegations of their petition.

Finally, the Manns argue Judge Biggs erred in awarding Ms. Walker custody of the child and in not finding she had abandoned her. We also reject this argument.

A trial judge has broad discretion making a determination of child custody. *McAlister v. Patterson,* 278 S. C. 481, 299 S. E. (2d) 322 (1982). The welfare of the child is the "primary, paramount and controlling consideration in all child custody controversies." *Cook v. Cobb,* 271 S. C. 136, 140, 245 S. E. (2d) 612 (1978). Although we have jurisdiction in this case to find facts based on our own view of the evidence, we are not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate their testimony. *Marshall v. Marshall* S. C., 320 S. E. (2d) 44, 48 (S. C. App. 1984).

In our opinion, there is ample evidence in the record to support the award of custody to Ms. Walker. For example, there was testimony she had established a satisfactory home, made child care arrangements for the child while she worked and, more importantly, appeared to have a good relationship with her. There is also evidence that the Manns' home is less than satisfactory to the welfare of the child. The evidence does not support a finding that Mrs. Walker ever abandoned her child. *Cf.,* Section 20-7-1570 of the 1976 Code of

Laws of South Carolina, as amended (defining an abandoned child).[1]

The fact that the child had been in the Manns' custody ██ ██for two years does not preclude a change in custody. *See Blackwell v. Blackwell*, 256 S. C. 88, 180 S. E. (2d) 894 (1971) (custody awarded to mother over grandparents even though child had been in their custody for some 2½ years since shortly after birth). Nor was Judge Biggs bound by the agreement between Ms. Walker and the Manns' giving them custody. *Cf., Morgan v. S. C. Department of Social Services*, 280 S. C. 577, 582, 313 S. E. (2d) 350, 353 (S. C. App. 1984) ("[T]he determination of the right to custody of a minor child is a judicial question.").

Accordingly, the orders of the Family Court are

Affirmed.

SHAW and BELL, JJ., concur.

---

[1] At the time this case was decided, an abandoned child was defined in Section 20-7-1570 of the 1976 Code of Laws of South Carolina, as amended. In 1984 this section was revised substantially. While the term "abandoned child" is not used in the revision, the description of such child for purposes of terminating parental rights is found in Section 20-7-1572 of the 1976 Code of Laws of South Carolina.