14191

ESTRIDGE v. METROPOLITAN LIFE INSURANCE CO.

(182 S. E., 834)

*Messrs. McDonald, Macaulay & McDonald* and *Elliot, McLain, Wardlaw & Elliott,* for appellant,

*Messrs. Hamilton & Gaston,* for respondent, 

December 11, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

On November 20, 1933, the defendant insured the life of Mrs. Mattie Therrell, the mother of the plaintiff herein, in the sum of $216.00. Upon the death of Mrs. Therrell, which occurred on or about April 13, 1934, the company refused to pay the insurance, and this action was then brought by the beneficiary to enforce its collection.

The complaint and answer are not incorporated in the record for appeal, but it appears that the former was in the usual form filed in such suits. On call of the case for trial, May 22, 1935, counsel for the defendant made a motion, which was granted, to strike from the answer the defense of a general denial, stating that they would rely entirely upon their affirmative defense, as they admitted the issuance of the policy, the payment of all premiums, the filing of proofs of the death of the insured and the refusal of the company to pay. In response to the inquiry of the presiding Judge whether it was their contention under the affirmative defense, that the policy was void on account of fraud in procuring the insurance, they made the following statement: "We contend that the insured misrepresented the true state of facts in her application for this insurance; and that there was a breach of the conditions of the policy, which provided that she must be in good health at the time the policy was delivered to her. We further contend * * * although we haven't especially pleaded fraud by name * * * that the facts we allege are sufficient to establish fraud." The trial resulted in a verdict for the plaintiff for $228.96, the face amount of the policy, with interest and costs. From judgment entered, this appeal is taken.

It is contended, in the first place, that Judge Gaston committed error in refusing to grant the defendant's motion

for a directed verdict made upon the grounds (1) that the only inference to be drawn from the testimony was that prior to, and on the dates the application was signed and the policy delivered, the insured was suffering from cancer, a fact known to her; and (2) that the undisputed testimony was to the effect that Mrs. Therrell had been treated by physicians for a serious disease within three years prior to the signing of the application, which facts were denied by her in applying for the policy, and that the insurance was thus secured through misrepresentation.

As to ground (1) of the motion: One of the conditions of the contract of insurance was that if the insured was not alive or in sound health on the date of its delivery, the company could declare the policy void, and in such case would be liable only for the amount of the premiums paid thereon. It is not disputed that the insured in the case at bar was afflicted with cancer at the time the policy was delivered to her; and counsel for the respondent concede that if no question of waiver or estoppel was involved, the appellant would be entitled to a directed verdict, but contend that the evidence required the submission of that issue to the jury.

The plaintiff testified that her mother was visiting at the home of the witness in October, 1933; that Talley, the company's agent, called there at that time to collect premiums on insurance which the witness carried in his company; that he asked Mrs. Therrell to let him write a policy on her life, and that she replied, "I don't believe I could get insurance, because I have been told I have cancer, but I don't think I have"; that she then stated to Talley that she had been advised by Dr. Oren Moore and Dr. Lafferty of Charlotte, N. C., that she had cancer, and that Talley observed that he did not believe she had it, as she looked so well; that about one hour thereafter Talley brought Dr. Harrell, the company's physician, to the house for the purpose of examining the applicant, and that he did examine her, using in-

struments, counting her pulse, etc.; that Mrs. Therrell told the physician that the doctors in Charlotte said she had cancer, and that Dr. Harrell stated that she looked well, and that he did not think she had it. Both Talley and Dr. Harrell denied that Mrs. Therrell informed them that she had been told that she had cancer, as testified to by the plaintiff.

We think the trial Judge was unquestionably right in holding that he could not, under the testimony, direct a verdict for the defendant on this ground. There is no evidence that there was any collusion between the agents of the defendant and the insured to defraud the company. If the plaintiff told the truth about what happened at the time the application was made, and the credibility of witnesses, as we have frequently held, is for the jury, then the company was put on notice that certain doctors, whose names and addresses were given at the time, had stated that the applicant, Mrs. Therrell, had cancer; and if it failed to make any investigation of the matter, as it could have done, the jury might reasonably conclude, as it did, that it waived the above-mentioned condition of the policy.

Counsel for appellant argue, however, that the insured's statement, that she did not believe she had cancer, was nothing less than a material misrepresentation made for the purpose of misleading the company and inducing it to issue the policy. We do not agree with this view. Dr. Lafferty, a witness for the defendant, testified that she improved under the radium treatment that he gave her, and that she could have honestly concluded that there was nothing much the matter with her. We think it was for the jury to say, as held by the trial Judge, whether, under all of the testimony, this statement of the insured was a deliberate effort on her part to defraud the company or an honest expression of what she believed about her physical condition.

Appellant relies on *Cooley v. Metropolitan Life Insurance Company,* 153 S. C., 280, 150 S. E., 793, as sustaining its contention, but that decision is not controlling here. While

the policy of insurance in that case contained the same condition as is found in the one before us, no question of waiver arose under the evidence as in the case at bar. No medical examination of the insured was required or made, and there was no testimony, as we find here, that the insured put the company on notice at the time she made application for the insurance that she had been told by physicians that she had cancer. It will be noted that four of the justices who participated in the decision of the *Cooley case* concurred only in the result of the opinion.

We think that the trial Judge also properly refused to direct a verdict on the second ground of defendant's motion. Much of what we have said in our discussion of ground (1) applies here. If Mrs. Therrell told the agent of the company what the plaintiff testified she did tell him, then it was his duty to have incorporated such information in the application. Furthermore, under the testimony of Dr. Lafferty, that she could have honestly concluded that there was nothing much wrong with her, it was for the jury to say whether the representations made by her in the application, in the circumstances, were made with the intent to defraud the company. Besides, the Court, as we have said, was required under the testimony to submit to the jury the question of waiver.

*Johnson v. New York Life Insurance Company,* 165 S. C., 494, 164 S. E., 175, 177, gives no aid to the appellant. It is pointed out in the opinion in that case that "no question of waiver or estoppel is here involved, as there is no evidence tending to show that the soliciting agent or any other representative of the insurance company had any knowledge of the facts misrepresented by the applicant." The same can be said of *McLester v. Metropolitan Life Insurance Company,* 175 S. C., 425, 179 S. E., 490. The Court there held that the evidence did not warrant the submission of the question of waiver to the jury.

It is contended, in the second place, that Judge Gaston

committed error in refusing to grant a new trial, made upon the grounds (1) that counsel for plaintiff introduced irrelevant testimony as to the payment of other policies of insurance by another company; and (2) that remarks made by counsel in the course of his argument to the jury were improper and prejudicial.

As to the first ground of the motion, an examination of the record discloses that plaintiff was cross examined by defendant's counsel with reference to other policies which Mrs. Therrell had applied for or taken out about the time the one in the present case was issued, and was asked whether her mother had not obtained one or more policies with the Pilot Insurance Company. On re-direct examination, plaintiff's counsel asked her whether the Pilot had paid, and she replied that it had. The objection of defendant's counsel to this testimony was sustained and on their motion was stricken from the record, and the jury were instructed by the Court to disregard it and not to pay any attention to statements of counsel in regard to other cases. The action of the trial Judge in the matter was all that the defendant could expect or demand.

As to ground (2), it appears that Mr. Hamilton, of counsel for plaintiff, during his argument to the jury, referring to the allegation of the defense that the deceased had acted fraudulently in securing the policy of insurance in question, stated that "this great company has been convicted of fraud time and time again." Mr. McDonald, representing the defendant, immediately objected to this remark, and the Court at once ruled that it was out of the record and admonished counsel to stay within the record or the result might be disastrous to the offending party, whereupon Mr. Hamilton withdraw the objectionable statement. In his argument for a new trial, Mr. McDonald contended that Mr. Hamilton had made other objectionable remarks to the jury, but it was not entirely agreed as to just what was said or whether there was timely objection thereto.

Judge Gaston, in passing upon the question, found and held: "I think the trial was very fair on both sides, and there certainly wasn't any abusive language used in argument, or any heat or prejudice or passion to the jury. And there was no claim for punitive damages, and there was no argument along the line of that, that is generally made where punitive damages are claimed. And I thought at the time that the case was conducted fairly and without prejudice to either side. I don't think the remarks made would justify granting a new trial."

Matters of this kind, as we have often held, must be left largely to the sound discretion of the trial Judge; and his holdings will not be interfered with unless there is a clear abuse of discretion. In the case at bar, we cannot say, from an examination of the record, that Judge Gaston did not reach a correct conclusion.

When the plaintiff was on the stand counsel for the defendant sought to have her testify as to an alleged conversation between Mrs. Therrell, the insured, and a man by the name of Meng, an agent of the Pilot Life Insurance Company. It appears that this alleged conversation was had a few days before Talley, the appellant's agent, secured Mrs. Therrell's application for the policy sued on in this case. The record does not show what the conversation was, but it is inferable that it had to do with an application made by Mrs. Therrell for a policy of insurance in the Pilot Company. On objection of counsel, the Court refused to allow the plaintiff to be questioned along this line. The appellant alleges that this was error, the contention being that the evidence was admissible as throwing some light on the truth of the statements in regard to Mrs. Therrell's application for insurance in the defendant company.

The trial Judge held, in ruling on the question, that what the insured may have told the agent of another insurance company, at another time, in some transaction between them, was not competent, and was irrelevant to the issue then be-

ing tried between the plaintiff and the defendant. From what appears in the record, we think he was right, and that the testimony sought to be elicited was properly excluded.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.