## HALEY v. NICKELS.
### No. 9923.

Court of Civil Appeals of Texas.
Austin.

Dec. 20, 1950.

Thrasher & Blalock, of Austin, for appellant.

William Nickels, pro se; and Phillip J. Robinson, of Austin, for appellee.

GRAY, Justice.

Appellant sued appellee for damages for breach of a written contract, and, in the alternative, for damages resulting from the alleged negligence of appellee.

For cause of action appellant alleged that on May 28, 1948, he and appellee entered into an agreement whereby appellee was to take possession of and operate a gin and gin properties as evidenced by their written contract of that date and attached to appellant's petition.

The written contract designated appellant (the owner of the properties) as first party and appellee as second party. It recited that appellant was desirous of obtaining someone to assist him in the operation of the gin during the current ginning season ending January 1, 1949, and that he was willing to pay a reasonable commission for such services; that appellee desired to make a connection whereby he might assist in the operation of a gin on the commission basis. The compensation agreed to be paid to appellee for his services was fifty per cent of the net income made by the gin company during the ginning season. By paragraph 3 of the contract appellee agreed to: ·

"(a) Furnish all money necessary and expedient for the operation of and repair of said gin during the current season aforementioned.

"(b) Furnish all money necessary and expedient to buy seed and cotton in the usual course of the gin business.

"(c) Place all profits made on the buying and selling of seed and cotton into the general fund of income of said gin whereby same may be determined in accounting the net and gross income or loss of said company.

"(d) Furnish money, for fuel, oil, salary for hands, for all preliminary repairs up until such time as the income from services rendered by said gin has amounted to enough to pay for same as it accrues.

"(e) Install a water pump and to sufficiently repair or replace the water cooling system both at his own expense, and do same according to the recommendations and specifications set out by the first party.

"(f) Operate said gin safely and prudently, and in the usual manner of operation of such gins, and also take steps necessary for the prevention of unnecessary wear and tear.

"(g) Leave the gin in as good shape as it was when the current season started save and except general wear and tear and to accept the recommendations and judgment of the first party upon final inspection in regard thereto before division of the net profits.

"(h) See that all necessary and reasonable precautions are taken to prevent fire and other hazards, losses or damage.

"(i) Accept full and complete responsibility for injuries to himself, employees, or customers.

"(j) Operate said gin until the complete end of the said ginning season or until January 1, 1949, whichever is later.

"(k) Promote good will and good relations with customers and prospective customers."

The contract further provided:

"11. It is mutually agreed that the first party has the right to terminate this contract at any time and without notice in case of inefficient operation, gross negligence in operation or the violation of any of these articles by the second party.

"12. It is mutually agreed that in the event the second party should terminate this agreement before the end of the ginning season as aforementioned, the first party shall rightfully keep all net profits as liquidated damages therefor."

Appellant further alleged that appellee took possession of the gin properties on May 29, 1948; that on September 3, 1948, without cause or justification, and without notice to appellant, appellee abandoned said contract and said gin properties and breached the contract to appellant's injury and damage. Appellant alleged that the damage resulted because appellee "wilfully, unlawfully and with gross negligence failed and refused" to perform the contract in various respects which resulted in damage to various items of the gin properties. In the alternative, appellant sued in tort for his alleged damages and alleged that appellee acted "maliciously, unlawfully, with gross negligence and for the purpose of vexing, injuring and harrassing plaintiff, and injuring him in his reputation, good standing and business standing."

Appellee answered denying that he was negligent; denied he wilfully caused any damage; alleged the gin properties were left by him in better operating condition than when they were received by him, and that appellant was guilty of contributory negligence. Appellee further filed a motion for summary judgment together with supporting affidavits. Appellant answered this motion and filed opposing affidavits.

The trial court heard the motion, found there was no genuine issue as to any material fact, granted appellee's motion and rendered judgment that appellant take nothing.

Rule 166-A, Texas Rules Civil Procedure, which authorizes a summary judgment, in part, provides:

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a

summary judgment in his favor as to all or any part thereof.

"(c) Motion and Proceedings Thereon. The motion shall be served at least ten days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The parties could, by their contract, agree that the same might terminate at the election of one or the other of them and the agreement may be enforced if fairly made and the same is not contrary to equity and good conscience. And, unless otherwise provided the status quo of the parties need not be restored. Maddox Motor Co. v. Ford Motor Co, Tex.Com. App., 23 S.W.2d 333; Gable v. Frigidaire Corp., Tex.Civ.App., 121 S.W.2d 456, Er. Dis.; 17 C.J.S., Contracts, §§ 399 and 401, pages 888 and 891. However, we do not think this is the controlling question here presented. Appellant says his damages resulted because of the acts and negligence of appellee who denied that he was negligent, that the properties, at the time of his termination of the contract, were in better operating condition than on May 29, 1949, and that, in any event, appellant is precluded from recovery because of his contributary negligence. Appellee says in his brief:

"As with the contract claims, it may be conceded that certain genuine issues may have been raised in the affidavits on fact questions pertaining to whether or not defendant committed the acts complained of in paragraphs one (1) through ten (10) of plaintiff's petition. And it may be that genuine issues were raised on fact questions concerning whether or not these acts, if committed, were under the circumstances negligent acts. But these facts were not material to the defense relied on.

"The defense plead by Mr. Nickels to these allegations in tort was a two-pronged defense, either theory of which was sufficient, if supported and not contested on the hearing of the motion, to defeat the claims. Defendant plead that even if he be held negligent in the particulars alleged that 'plaintiff is nevertheless precluded from recovering in this suit because plaintiff was himself contributorially negligent in his management of the gin, said contributory negligence being a direct and proximate cause, if not the sole cause, of the damages and/or injuries alleged to have been done to the gin and to the gin property.'"

Appellee further says, in his brief, "* * that defendant was the servant, agent, or representative of the plaintiff in the operation and management of the gin."

In order for appellant to recover for the alleged negligence of appellee, the burden was on him to establish, by proof, the facts necessary to show negligence. 30 Tex.Jur., p. 799, Sec. 126. Also, the burden was on appellee to prove his defense of contributory negligence. Rule 94, T.R. C.P.; Gillette Motor Transport v. Fine, Tex.Civ.App., 131 S.W.2d 817, 822, Er. Dis. Judg. Correct. Further, the principles of the law of negligence are applicable to the liability of an agent to his principal for injuries to the principal's property. 2 Tex. Jur., p. 601, Sec. 188.

We have not been cited to any Texas case, and we have found none, applying Rule 166-A. However, we think the language of the rule is plain and, upon the facts presented, precludes the rendition of the judgment rendered in this cause. Section (c) of the Rule provides: "* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

When the trial court proceeds to hear the motion for summary judgment, we do not think Rule 166-A either directs or authorizes him to then decide the issues of fact presented, buy only to decide, from

what is then before him, whether or not any genuine issue of fact as to any material matter is presented, and whether or not, as a matter of law, the moving party is entitled to judgment.

Because of what we have already said, and because we think the issues made by the record are disputed and must stand or fall upon proof or the want of it, we think there was presented genuine issues of fact as to the alleged negligence of appellee; whether or not such negligence, if any, resulted in damage to the gin properties beyond the general wear and tear of the same as is provided in the contract; whether or not appellant was guilty of contributory negligence, and finally the amount of damages, if any, to which appellant is entitled.

We, therefore, conclude the trial court erred in finally adjudicating the cause on the motion, for which reason the judgment must be reversed and the cause remanded for further proceedings as in other causes.

Reversed and remanded.