19751

Norman R. KNIGHT, Jr., et al., Respondents, v. Vernon D. LEE, Appellant

(202 S. E. (2d) 19)

18

*Messrs. Brantly Seymour* and *W. Turner Logan,* of Charleston, *for Appellant,*

*Messrs. Padgett, Altman & Fuller*, of North Charleston, *for Respondents,*

January 9, 1974.

Moss, Chief Justice:

This equitable action was instituted by Norman R. Knight, Jr., and others, the respondents herein against Vernon D. Lee, the appellant herein, seeking a mandatory injunction requiring the appellant to either remove a two story building constructed as a garage apartment from his premises, or in the alternative, to cease using the structure as a garage apartment. The respondents, in their complaint, assert that the structure was erected in violation of the Zoning Ordinance of Charleston County and the restrictive covenants applicable to all lot owners in Whipper Barony Subdivision. It is alleged that all parties to this action are owners of lots located within said subdivision.

The respondents allege in their complaint that the two story building erected by the appellant is one other than his

residence and is now being used as living quarters in violation of the restrictive covenant binding upon all lot owners in Whipper Barony Subdivision and prohibiting the erection and construction of a building for such purposes. The restrictive covenant is as follows:

"(G) No trailer, basement, tent, shack, garage, barn or other outbuilding erected in the tract shall at any time be used as a residence temporary or permanently, nor shall any structure of a temporary character be used as a residence, nor shall servants quarters above or attached to garage or other outbuilding be occupied by owner or tenant."

It is also alleged that the Zoning Ordinance of Charleston County prohibited the appellant from constructing a garage apartment on his premises and using it as living quarters, and at the time the appellant commenced the construction of the garage apartment, Norman R. Knight, Jr., one of the respondents, filed a petition with the Zoning Board protesting the violation by the appellant of the Zoning Code; that hearings were had by the Zoning Board resulting in the appellant being advised that the structure being erected could not be used as a garage apartment, because if so used, it would be in violation of the Zoning Ordinance. It is further alleged that in disregard of the decision of the Zoning Board of Charleston County the appellant completed the two story building which is now being used as a garage apartment. The Zoning Ordinance of Charleston County became inapplicable to the property in question on December 12, 1972, because of the annexation of the subdivision to the City of North Charleston.

The appellant demurred on the ground that the complaint of the respondents did not state facts sufficient to constitute a cause of action, because it affirmatively appears that the building in question had been completed. The appellant also moved to strike from the complaint the allegation that the erection of said building was in violation of the Charleston County Zoning Ordinance, because the Zoning Ordinance is no longer applicable for the reason that the appellant's

premises have been annexed to and are now within the corporate limits of the City of North Charleston.

The demurrer and motion to strike came on to be heard before The Honorable Theodore D. Stoney, Judge of the Charleston County Court, and by his order of February 28, 1973, the demurrer was overruled and the motion to strike was denied. This appeal followed.

The exceptions of the appellant are three in number. The appellant in his brief states that the first question involved is whether the respondents are barred by their inaction from seeking relief in equity because of acquiescence, laches, waiver and estoppel.

It is elementary that in passing upon a demurrer the court is limited to a consideration of the pleadings under attack. All of the factual allegations thereof that are properly pleaded are for the purpose of such consideration deemed admitted. When a complaint is attacked by a demurrer, it must be liberally construed. A demurrer to a complaint will be overruled if any cause of action is stated. *Sandy Island Corporation v. Ragsdale,* 246 S. C. 414, 143 S. E. (2d) 803. The demurrer of the appellant here, under the rule stated, admits the allegations of the complaint filed by the respondents.

Whipper Barony Subdivision, including the property of all parties to this action, is subject to certain restrictive covenants limiting the use to which the property may be put and the character of the buildings which may be erected thereon. The complaint of the respondents alleges the violation of these restrictive covenants by the appellant in the particulars hereinbefore set forth. It is our conclusion that a cause of action is stated, wherein the respondents seek to require the removal of the structure or to enjoin the use thereof as a garage apartment.

The question of whether the respondents are barred by their inaction from seeking relief in equity because of acquiescence, laches, waiver and estoppel

can best be determined by a trial on the merits rather than on the pleadings. What we said in *Archambault v. Sprouse,* 215 S. C. 336, 55 S. E. (2d) 70, is here applicable. We quote from the cited case the following:

"All of the issues presented by the appeal involve the defenses of waiver, laches, estoppel and acquiescence under various and diverse circumstances, which it seems to us can best be determined by a trial on the merits. It might be that a strict construction of defendant's affirmative defenses, under the applicable rules of law, would be adverse to him, but we are not disposed at this stage of the case to define and determine the rights of the parties merely on the pleadings."

Supreme Court Rule 8, Section 2, requires that the brief of the appellant shall be preceded by a statement of the questions involved and, ordinarily, no point will be considered which is not set forth in the statement of the question involved or suggested thereby. The contention that the trial judge erred in denying the motion to strike is not stated as a question involved in this appeal and is, therefore, not properly before this Court for consideration.

The other question raised is whether or not the respondents can obtain more relief than is afforded in the restrictions imposed against the property of the appellant. This question will not be considered because it was not presented for consideration by the trial court, nor is it raised by any exception on appeal to this Court. *Hester v. Harleysville Mutual Ins. Co.,* 259 S. C. 45, 190 S. E. (2d) 487.

The judgment under appeal is,

Affirmed.

Lewis, Bussey, Brailsford and Littlejohn, JJ., concur.