## 20517

Harold N. KIRKLAND, Appellant, v. PEOPLES GAS COMPANY of South Carolina, Respondent.

(237 S. E. (2d) 772)

*Howard P. King,* of Sumter, and *William E. Myrick, Jr.,* of Allendale, *for Appellant,*

*Donald V. Richardson,* of Columbia, and *Henry B. Rich-ardson, Sr.,* of Sumter, *for Respondent,*

September 21, 1977.

NESS, Justice:

This is a personal injury action in which the jury returned a verdict in favor of the respondent, Peoples Gas Company of South Carolina. We affirm.

Appellant Kirkland, minister of the First Baptist Church in Sumter, was injured as a result of a natural gas explosion on the church premises. Upon entering the church office building, he detected an offensive odor. Intending to dispel the smell by lighting an incense candle, appellant struck a match on the wall of his office resulting in an explosion and severe personal injuries. Apparently, the situs of the gas leak was concentrated along the wall.

Appellant originally instituted this action against three defendants. Carolina Power and Light Company was dismissed by summary judgment. Boozer and Wharton, Inc., a construction company engaged in building a new sanctuary on the church premises at the time of the accident, was released by settlement. Respondent Peoples Gas Company of South Carolina, the supplier of natural gas to the premises, and the appellant are the only parties involved in this appeal.

Appellant asserts error in the trial court's refusal to allow opinion testimony interpreting the Department of Transportation Regulations. The trial court ruled that such constituted conclusions of law reserved to the province of the court. The admission of evidence is largely within the discretion of the trial court and all issues of law are questions for the court, not the jury. *Wright v. Public Savings Life Insurance Co.,* 262 S. C. 285, 204 S. E. (2d) 57 (1974); *Collier v. Green,* 244 S. C. 367, 137 S. E. (2d) 277 (1964). Appellant also contends that respondent's expert was allowed to testify concerning the Department's regulations. No objection was interposed to this testimony

which would preserve this question for review. *Adams v. Orr,* 260 S. C. 92, 194 S. E. (2d) 232 (1973); *Powers v. City of Aiken,* 255 S. C. 115, 177 S. E. (2d) 370 (1970).

Appellant next asserts error in the admission of testimony contravening the proscriptions of Section 58-5-1010(d), 1976 Code of Laws:

"Accident reports made by an officer, employee, or agent of the Commission shall be available for use, but not admissible into evidence, in any civil, criminal or other judicial proceeding arising out of an accident. Any officer, employee or agent may be required to testify in such proceedings as to the facts developed in the investigations, but no officer, employee or agent shall give opinion testimony or otherwise testify as to the ultimate fact in any civil, criminal or other judicial proceeding out of the accident . . .."

While it is questionable whether there was an infraction of the statutory directives, we need not reach this question. Appellant cross-examined the witness without reserving his objections, waiving any alleged error.[1] *Merrill v. Barton,* 250 S. C. 193, 156 S. E. (2d) 862 (1967); *Reid v. Swindler,* 249 S. C. 483, 154 S. E. (2d) 910(1967).

Appellant next asserts improper notice under Circuit Court Rule 90 of the existence of an expert witness who testified for the respondent. Appellant admits that he had the witness' report, interviewed him prior to trial, and listed him as one of his own witnesses. The trial court held proper notice had been given by respondent's incorporation of the appellant's list of witnesses. Again, we need not reach the ultimate issue of sufficiency of the notice afforded. Appellant sought only exclusion of the witness, a sanction which "should never be lightly invoked." *Martin v. Dunlap,* 266 S. C. 230, 239, 222 S. E. (2d) 8, 12 (1976).

---

[1] Appellant unsuccessfully attempted to retroactively reserve his objections midway through the cross-examination. He has not appealed or argued the trial judge's ruling was erroneous. In the absence of a proper exception, we have nothing to review. *Odom v. County of Florence,* 258 S. C. 480, 189 S. E. (2d) 293 (1972).

In light of the prior knowledge of the existence and testimony of the witness, exclusion was not justified even if a violation of Circuit Court Rule 90 had been found. *Id.; Jackson v. H & S Oil Company, Inc.,* 263 S. C. 407, 211 S. E. (2d) 223 (1975) ; *Laney v. Hefley,* 262 S. C. 54, 202 S. E. (2d) 12 (1974) ; *Martin v. Dunlap, supra.*

Error is next alleged in the failure of the trial court ■ to strike the defense of assumption of the risk. A motion to strike is addressed to the sound discretion of the trial judge. *Funderburke v. Johnson,* 253 S. C. 430, 171 S. E. (2d) 597 (1969). Assumption of risk is generally a question of fact for the jury. 5 C. J. S. Appeal and Error § 1454. Likewise, the recognized related defense of contributory negligence is ordinarily a jury question. *Wilson v. Marshall,* 260 S. C. 271, 195 S. E. (2d) 610 (1973) ; *Baker v. Clark,* 233 S. C. 20, 103 S. E. (2d) 395 (1958). Not only does the record support submission of the assumption of the risk defense to the jury, appellant admitted contributory negligence was a jury issue in the instant case. We have heretofore recognized that these two defenses may properly be considered together when reviewing sufficiency of the evidence to go to the jury. *Conner v. Farmers & Merchants Bank,* 243 S. C. 132, 132 S. E. 385 (1963). The exception is therefore overruled.

On direct examination in response to a question as ■ to why this action was brought against the respondent, Peoples Gas Company, the appellant replied:

"I said to him that something bad had happened and I did not feel that I had done anything wrong, that I was a victim of somebody's negligence so I asked for him to intercede for me and help get somebody and we agreed on you. Then you later with Mr. Howard claims were made against all three. I did not compose these claims myself. I didn't have the mind to do it. I have signed nothing. Later on, however, after depositions were given and after I shared with both of you my own deep convictions about this, then it was determined that Peoples Natural Gas was at fault." (Tr. 496).

Respondent immediately objected that the facts and circumstances of the prior dismissals and settlement were inadmissible. The trial judge ruled the appellant had "opened the door" to an explanation of the testimony by the respondent. Appellant then proceeded to fully disclose the existence of the settlement and covenant not to sue. Having voluntarily introduced and induced the alleged error, appellant cannot now complain. *Shearer v. DeShon*, 240 S. C. 472, 126 S. E. (2d) 514 (1962).

Appellant also asserts error in the trial court's refusal to allow him the opportunity to explain to the jury the legal import of a covenant not to sue. Control of the jury argument remains largely within the discretion of the trial court and we perceive no abuse of that discretion. *Lesley v. American Security Insurance Co.*, 261 S. C. 178, 199 S. E. (2d) 82 (1973). Also *Lucht v. Youngblood*, 266 S. C. 127, 221 S. E. (2d) 854 (1976).

Finally, appellant asserts error in the refusal of the trial court to instruct the jury pursuant to two requested charges. These exceptions are without merit as the requested charges were fully covered in the main charge. *Swindler v. Peay*, 227 S. C. 157, 87 S. E. (2d) 296 (1955).

In light of the resolution of the appellant's exceptions, we need not consider the respondent's additional sustaining grounds.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.