0501

Francis M. COOGLER, Sr. and Juanita M. Coogler, Appellants, v. Margaret A. THOMPSON, Respondent.

(332 S. E. (2d) 215)

Court of Appeals

*Thomas F. McDow,* Rock Hill, and *Milton E. Hamilton,* Chester, *for appellants.*

*Thomas A. McKinney* and *Thomas A. Givens* of *McKinney & Givens,* Rock Hill, *for respondent.*

Heard April 25, 1985.

Decided June 17, 1985.

GOOLSBY, Judge:

This action arises out of an automobile collision occurring in an intersection controlled by a traffic-control signal. The automobile of the appellants Francis M. Coogler, Sr., and Juanita M. Coogler entered the intersection to the left of the car driven by the respondent Margaret A. Thompson. The jury found in favor of Thompson.

The sole question on appeal is whether the following jury instruction warrants the reversal of the judgment appealed from and the ordering of a new trial:

> [Section] 56-5-2310, vehicles approaching and entering an intersection. Where two vehicles approach and enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right — this would not be appropriate at this point.

We affirm.

Although the instruction was irrelevant since the collision occurred in an intersection controlled by a traffic-control signal [*see* S. C. Code of Laws Section 56-5-970 (1976)], the trial judge corrected his error and rendered it harmless. *See* 75 Am. Jur. (2d) *Trial* Section 922 at 788 (1974). He promptly told the jury the instruction was not then appropriate and did not thereafter tell them it would become so.

When an instruction has been corrected by the court and it appears with reasonable certainty the jury was not misled, it will be presumed on appeal that the jury accepted the correction as the law of the case and applied it. *State v. O'Keefe,* 45 Haw. 368, 367 P. (2d) 91 (1961).

In affirming the judgment below, we commend certifying counsel, Thomas F. McDow and Thomas A. McKinney, for their strict adherence to Rule 4 of the Supreme Court Rules. The transcript of record, which consists of only three pages, is a veritable model of compliance.

Some attorneys, we have noticed, feel compelled to print in the transcript of record everything either occurring during or relating to the trial, including banter between the court and counsel, irrelevant remarks, arguments by counsel relating to questions of law not embraced by an exception, and testimony and documents completely foreign to any issue on appeal. The problem, however, is not a new one [*see Anderson v. Aetna Casualty & Surety Co.*, 175 S. C. 254, 178 S. E. 819 (1935)] and the threat of sanctions seems not to have cured it. *See State v. Harris*, 278 S. C. 46, 292 S. E. (2d) 40 (1982); *Merritt v. Grant*, ____ S. C. ____, 328 S. E. (2d) 346 (Ct. App. 1985).

Affirmed.

GARDNER and CURETON, JJ., concur.