22478

Jerry R. HELMS, Appellant v. T & L BUILDING CONTRACTORS, INC., Respondent.

(340 S. E. (2d) 548)

Supreme Court

*D. Cravens Ravenel* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for appellant.*

*Ronald E. Boston* and *Michael S. Church* of *Turner, Padget, Graham & Laney,* Columbia, *for respondent.*

Heard Jan. 22, 1986.

Decided Feb. 25, 1986.

GREGORY, Justice:

This is a negligence action. Appellant Jerry Helms was injured in a fall after respondent's employee improperly mounted a pallet on a forklift. Respondent admitted its employee's negligence, but disputed causation, and raised the affirmative defenses of assumption of the risk and contributory negligence. Helms appeals from a jury verdict for respondent. We affirm.

■ First, appellant contends the trial judge erred in its charge on assumption of the risk. It does appear the charge was in error; however, Helms admits the judge later correctly charged the law. This curative charge rendered any error harmless.

■ Second, Helms argues the trial judge charged the jury on facts outside the pleadings and evidence by explaining willfulness, wantonness and recklessness using the example of a car without brakes. Although the example was improperly used, appellant has failed to establish any prejudice. *See Hall v. Palmetto Enterprises II, Inc. of Clinton,* 282 S. C. 87, 317 S. E. (2d) 140 (App. 1984) [involving a similar charge]. It is clear from the record that the charge neither confused nor misled the jury.

Next, appellant claims the trial judge improperly refused to permit counsel for appellant to comment on respondent's failure to call Sammy Estes, a former employee, as a witness. Estes had been responsible for the improper placement of the pallet on the forklift. Helms argues the failure to call Estes created the inference that, had he been called, his testimony would have been adverse to respondent. *See Holmes v. Black River Elec. Coop.*, 274 S. C. 252, 262 S. E. (2d) 875 (1980); *See also In re Will of Smoak*, 286 S. C. 420, 334 S. E. (2d) 806 (1985) (Gregory, A. J., dissenting). Respondent's decision not to call Estes created no such negative inference.

Estes was equally available to appellant as a witness. In fact, he was under subpoena issued by appellant. Had Estes's testimony been so damaging, Helms could have placed him on the stand. Furthermore, since respondent admitted the pallet's improper placement, defending solely on the basis of causation and appellant's conduct, it appears Estes's testimony would have been merely cumulative. Thus, the failure to call Estes did not raise "suspicion" to permit a negative inference. *See Davis v. Sparks*, 235 S. C. 326, 111 S. E. (2d) 545 (1959).

Finally, Helms contends the lower court erred in permitting a forklift operator to testify as an expert at trial. He argues respondent failed to establish a uniform standard for forklift operation. However, appellant failed to preserve the issue. He did not raise the issue of a uniform standard at trial and cannot raise it for the first time on appeal. *Knight v. Lee*, 262 S. C. 17, 202 S. E. (2d) 19 (1974). Furthermore, it appears the witness was properly qualified, and we see no abuse of discretion in permitting the testimony.

Accordingly, the jury's verdict is

Affirmed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.