0705

William Gary CURRY and B. W. Curry, Appellants v. Dennis BYRD, Respondent.

(344 S. E. (2d) 384)

Court of Appeals

*George W. Gregory, Jr.*, Cheraw and *Sidney S. Tison, Jr.*, Hartsville, *for appellants.*

*James A. Spruill, III*, Cheraw, *for respondent.*

Heard March 24, 1986.

Decided May 12, 1986.

GOOLSBY, Judge:

This is a negligence action arising out of an automobile accident. In the trial court, the jury returned a verdict for the defendant Dennis Byrd. The plaintiffs William Gary Curry and B. W. Curry appeal. They contend the trial court erred in failing to charge certain of their requests to charge as they originally submitted them. We affirm.

Prior to the jury charge, the Currys made several requests to charge. The trial judge charged their Requests Nos. 3 and 4; however, he slightly modified the language of both. Request No. 5 was given verbatim. At the end of the charge, the trial judge excused the jury and gave the parties an opportunity to object to any charge as given or to request any additional instructions. The only objection voiced by the Currys was to an instruction regarding an unrelated statute. They did not request additional instructions.

The Currys complain for the first time on appeal of the trial judge's failure to charge their Requests Nos. 3, 4, and 5 as they were originally submitted.

As to the two requests which the trial judge modified, an issue not raised at trial cannot be raised for the first time on appeal. *Helms v. T & L Building Contractors, Inc.*, 287 S. C. 602, 340 S. E. (2d) 548 (1986). Because the Currys did not object at trial to the modifications of their Requests Nos. 3 and 4, we will not address the issues the Currys now raise regarding them. *Irick v. Ulmer*, 246 S. C. 178, 143 S. E. (2d) 126 (1965); *see also* 4 C. J. S. *Appeal & Error*, Section 307 at 987 (1957) ("Where the court modifies a request to charge, and no exception is taken to the modification, error cannot be predicated thereon by the party making the request . . .").

As to their Request No. 5, the trial judge did not delete a single word of it when instructing the jury. The exception therefore clearly has no merit. *Hook v. Rothstein*, 281 S. C. 541, 316 S. E. (2d) 690 (Ct. App. 1984), *cert. denied*, 283 S. C. 64, 320 S. E. (2d) 35 (1985).

Accordingly, the verdict of the jury is

Affirmed.

SHAW and CURETON, JJ., concur.