0714

Harriette C. BRAMLETT, Respondent v. Johnny Lee DAVIS and Eva Nell Davis, Appellants.

(344 S. E. (2d) 867)

Court of Appeals

*Harold R. Lowery* and *Richard E. Thompson, Jr.*, both of *Lowery, Hood & Thompson*, Anderson, *for appellants.*

*Richard H. Warder*, of *Warder & Steele*, Greenville, *for respondent.*

Heard March 19, 1986.

Decided May 19, 1986.

*Per Curiam:*

This is an appeal from an award transferring custody of a minor child to the mother from the maternal grandmother and step-grandfather. We affirm.

The minor child, Jeramie Shane Cagle (Jeramie), at age 9 months, was placed in the permanent custody of his grandparents, Eva Nell and Johnny Lee Davis, pursuant to a March 18, 1982, family court order. At that time the trial judge found that the mother, Harriette Bramlett (the mother), had been living a Bohemian lifestyle for the preceding two years which included the abuse of alcohol and drugs. During this period she could neither maintain steady employment nor a steady relationship; however, at the time of the March 1982 custody action, she had been married for less than a month to Doug Bramlett, her present husband. The order granted the mother visitation rights which she and her new husband have fully exercised.

On July 28, 1983, the mother filed this action praying that custody of Jeramie be placed with her and her husband

based on change of circumstances since the March 1982 order. The mother contends she has rehabilitated herself and established a stable marriage and homelife. She has sought successful treatment and counseling for her previous drug abuse problems. The mother also contends that the marital home of the grandparents has deteriorated and the grandmother has emotional problems, all to the detriment of the minor child's welfare.

The trial judge issued an order dated December 30, 1983, which transferred custody back to the mother. Upon remand by the Supreme Court for compliance with South Carolina Family Court Rule 27, the trial court issued a new order dated May 15, 1984, which is the subject of this appeal. On January 17, 1984, Chief Justice Littlejohn granted a writ of supersedeas staying the transfer of custody. The child today remains in the custody of the grandparents.

The grandparents on appeal argue that the trial judge erred (1) by not limiting testimony to the events occurring after a dismissed action for failure of the pleadings, (2) by not limiting the testimony of an alcohol and drug abuse counselor, (3) by applying the best interest of the child standard, (4) in using his personal observance of the witness grandmother as a basis for his decision and (5) in ruling that circumstances had in fact changed.

The South Carolina family courts have jurisdiction to hear and determine questions of custody of a child as well as the power to modify custody based upon a change of condition. Section 20-7-420, Code of Laws of South Carolina (1976), as amended. We reject the grandparents' contention that the family court could not consider circumstances prior to the dismissal of a previous action for insufficient pleadings. *See Sealy v. Dodge,* _____ S. E. (2d) _____ Op. No. 22475 (S. C. filed February 21, 1986).

The grandparents' contention that the testimony of an alcohol and drug abuse counselor should have been sticken is without merit. At trial the Davises objected to the counselor's testimony as being hearsay and a letter of the counselor because its author was there to testify to the same information. On appeal it is only argued that the counselor's testimony should have been stricken because she did not qualify as an expert. An evidentiary objection must state the proper grounds for objection; a party who relies on

grounds not taken at the trial level will not be deemed to have preserved the issue for appeal. *Grant v. White*, 288 S. C. 86, 340 S. E. (2d) 791 (Ct. App. 1986); *Kirkland v. Peoples Gas Co.*, 269 S. C. 431, 237 S. E. (2d) 772 (1977).

We hold that the change of circumstances asserted by the wife and found by the trial judge support the appealed order; that, we hold, comports with the principle that the child's welfare and best interests are primary consideration in custody matters. *See Kemry v. Fox*, 273 S. C. 268, 255 S. E. (2d) 836 (1979). We, therefore, reject the grandparents' contention that the trial judge erred in this regard.

On appeal this court is not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to evaluate testimony. *Mann v. Walker*, 285 S. C. 194, 328 S. E. (2d) 659 (Ct. App. 1985). The contention that the trial judge could not pass upon the demeanor of the witness is without merit, and we so hold.

Finally, the contention that the trial judge erred in ruling that there had been a change in circumstances is without merit. A preponderance of the evidence demonstrates that the mother has substantially improved her living style in order to accommodate a family and that negative developments have occurred in the grandparents' home. *See Mann v. Walker, supra.* These are adequate findings in the trial judge's opinion and ours to warrant a change of custody to the mother with visitation rights accorded the grandparents.

For the above-stated reasons, we affirm the family court judge's ruling.

Affirmed.