0815

Fletcher WILLIAMS, Appellant v. Honorables: James LEVENTIS, James Barber, Tom Elliott, Billy Taylor, A. T. Butler, Lillie Herndon, Jimmy Bales, Leona Castles, Candy Waites, and Thomas E. Boney, individually and as Richland County Council and Governing Body, Respondents.

(350 S. E. (2d) 520)

Court of Appeals

*Jack F. McGuinn,* Columbia, *for appellant.*

*D. Reese Williams, III* and *William F. Able,* Columbia, *for respondents.*

Heard Sept. 16, 1986.

Decided Nov. 3, 1986.

GOOLSBY, Judge:

This is an action at law brought by the appellant Fletcher Williams against the respondent members of the Richland County Council for an alleged wrongful termination of a garbage and trash collection contract. The trial judge, sitting without a jury, held that County Council was justified in cancelling its contract with Williams and dismissed the action. We affirm.

The issues we address are whether there is any evidence reasonably supporting the trial judge's holding that County Council rightfully cancelled its contract with Williams, whether County Council should have placed Williams in status quo when it revoked Williams's contract, and whether Williams had sufficient notice that County Council intended

to exercise its option to revoke his contract.

County Council awarded Williams a contract for the exclusive right to collect garbage and trash in a designated district within Richland County. His contract was for the period from January 1, 1984, through December 31, 1986.

Section 3-10 of the contract provided: "[T]his contract may be ... revoked when in the opinion of County Council ... [Williams] has failed to abide by the terms of the contract." Section 8-4 similarly provided: "The breach of any of the terms and conditions of the contract on the part of [Williams] shall be grounds for the cancellation of the agreement. ..."

The contract, among other things, required Williams to collect garbage twice each week at least two days apart and to furnish each customer a written collection schedule.

Section 8-4 of the contract provided that time was of the essence. It also required strict adherence by Williams to the terms of the contract.

On January 24, 1984, County Council cancelled Williams's contract, giving as its reasons Williams's inadequate notification to customers of a collection schedule and his failure to maintain a regular collection schedule.

This action followed.

The trial judge found that County Council's cancellation of Williams's collection contract "was reasonable and within its discretion under the terms of the contract." In reaching his conclusion, the trial judge further found that Williams "failed to provide a collection schedule, failed to adhere to any regular schedule of collection, and frequently failed to pick up garbage or trash within his territory as required by the contract." The trial judge held that Williams's "poor performance" resulted in such a substantial and fundamental breach of the contract as to defeat its purpose and that County Council "was fully justified in terminating the contract."

I.

Williams first questions whether there is any evidence reasonably supporting the trial judge's holding that County Council properly cancelled Williams's contract.

In an action at law tried by a judge without a jury, the jurisdiction of this court extends only to the correction of errors of law. The trial judge's findings of fact will not be disturbed on appeal unless a review of the record discloses there is no evidence that reasonably supports them. *Southeastern PVC Pipe, Mfg., Inc. v. Rothrock Construction Co., Inc.*, 280 S. C. 498, 313 S. E. (2d) 50 (Ct. App. 1984). The weight of the evidence presented at the trial of a law case is not at issue on appeal. Instead, the question is whether there is any evidence in the record that would reasonably support the contentions of the party prevailing at trial. *Doe v. Asbury*, 281 S. C. 191, 314 S. E. (2d) 849 (Ct. App. 1984). Moreover, this court neither judges the credibility of the witnesses nor weighs the evidence. *Southeastern PVC Pipe, Mfg, Inc. v. Rothrock Construction Co., Inc., supra.* These functions belong to the trier of fact. *Davenport v. Walker*, 280 S. C. 588, 313 S. E. (2d) 354 (Ct. App. 1984).

Here, the record contains evidence that reasonably supports the trial judge's holding.

Marion Wood, the Utilities and Service Coordinator for Richland County, testified that as late as January 3, 1984, customers within Williams's franchise district were reporting that they did not know the collection schedule. Other customers, he testified, complained that Williams "was not maintaining the required pickup of two garbage and one trash collection per week."

Wood also testified that, during January, 1984, the Refuse Control Office of Richland County received a large number of complaints by telephone from customers within Williams's service area concerning his failure to pick up trash and garbage. Memoranda reflecting these complaints, some 96 in all, were introduced in evidence during Wood's testimony. One memorandum recited that Williams "doesn't pick up on regular days."

## II.

Williams next argues that the trial judge erred in not requiring County Council to place him in status quo.

Williams is correct in his assertion that generally a party who wishes to rescind a contract must place the opposite party in the status quo. *Hamilton Ridge Lumber Corp.*

*v. Boston Insurance Co.*, 133 S. C. 472, 131 S. E. 22 (1925); 17 Am. Jur. (2d) *Contracts* § 512 at 994 (1964). The general equitable rule requiring a restoration of the status quo as a condition precedent to a rescission or cancellation of a contract, however, is inapplicable where the contract itself sets out the conditions upon which it may be rescinded or cancelled. *Summers v. Travelers Ins. Co.*, 109 F. (2d) 845 (8th Cir. 1940). The parties to a contract fairly made and not contrary to equity and good conscience may agree that the contract might terminate at the election of one or the other of them. *Haley v. Nickels*, 235 S. W. (2d) 683 (Tex. Civ. App. 1950). Unless such a contract provides otherwise, the status quo of the parties need not be restored. *Id.*

Here, the contract at issue nowhere provides for the restoration of the status quo upon cancellation of the contract at the option of County Council. County Council, therefore, was not required to place Williams in status quo upon its termination of Williams's contract.

### III.

Williams's last argument is that County Council's ■ notice to him that County Council contemplated cancelling his contract for noncompliance with the contract's terms was insufficient to meet standards of due process because the notice was contained in a form letter sent by Wood to Williams and five other collectors. This argument is embraced in a single sentence on the last page of his brief, is not supported by any authority whatever, and is found in the formal conclusion to his brief; thus, it may be viewed as effectively abandoned. *See Solomon v. City Realty Co.*, 262 S. C. 198, 201, 203 S. E. (2d) 435, 436 (1974) (an exception was deemed effectively abandoned where the argument relating to the exception consisted solely of a "bald conclusion").

In any case, we believe that the form letter, especially ■ when considered along with a subsequent letter from the county attorney and follow-up telephone calls from Wood warning Williams that continued violations of his contract would lead to its cancellation, was sufficient to afford Williams fair notice that if he thereafter failed to comply with his contract County Council might cancel it. *See*

*Pyne v. Messe*, 172 Cal. App. (3d) 392, 218 Cal. Rptr. 87 (1985) (a single form notice sent by the Department of Motor Vehicles advising the plaintiffs of their right to a hearing to contest registration fees was sufficient to afford them due process); *Hagen v. Traill County*, 708 F. (2d) 347 (8th Cir. 1983) (two letters and a notice personally served on the plaintiff informing him that his mobile home would be removed if he did not clean up his property by a certain date provided him adequate procedural protection prior to the destruction of his property).

Williams's argument concerning lack of sufficient notice, therefore, has no merit.

Affirmed.

BELL and CURETON, JJ., concur.