1481

BULLDOG PROPERTIES, a Partnership, Appellant v. FIRSTART, a Partnership, Charles F. Phillips, Jr., Richard T. Yates, and The South Carolina National Bank, Respondents.

(391 S.E. (2d) 871)

Court of Appeals

*William C. Cleveland,* of *Haynsworth, Marion, McKay & Guerard,* Charleston, *for appellant.*

*Edward D. Buckley, Jr.,* of *Bailey & Buckley,* Charleston, *for respondents.*

Heard Feb. 14, 1990.

Decided April 2, 1990.

*Per Curiam:*

This is a mortgage foreclosure action involving a subordination agreement. The trial judge enforced the agreement. We affirm.

Bulldog Properties sold the property to Firstart under the terms of their Buy-Sell Agreement, as amended by the First Addendum, and their mortgage. Bulldog agreed to subordinate its third mortgage to a refinancing loan under the following relevant terms:

(1) proceeds used to pay off the first and second mortgages owed by Bulldog,

(2) proceeds used to pay off the unsecured note owed by Firstart to Bulldog, and

(3) the remaining balance to be escrowed by the lender and disbursed for renovation work as it progressed.

Bulldog and Firstart closed the sale before Firstart obtained financing. Thereafter, without the knowledge or consent of Bulldog, Firstart obtained an operating loan from a third party, giving a fourth mortgage to secure the loan.

Firstart found a lender, South Carolina National Bank, but wanted to borrow more than permitted under the terms of the agreement. Firstart met with Bulldog, and they entered a Second Addendum to their agreement. It provided:

(1) acceleration of mortgage payments to Bulldog;

(2) pay-off of the unsecured note owed to Bulldog;

(3) "Firstart receives balance at closing *for* rehab. (sic) the property" (emphasis in original); and

(4) Bulldog agrees to subordinate to a first mortgage of $225,000.

The Second Addendum did not mention any existing mortgages. The loan closed, and SCN disbursed the proceeds:

(1) loan costs and fees;
(2) the first, second, *and* fourth mortgage;
(3) the unsecured note owed to Bulldog; and
(4) the balance to Firstart (not escrow).

Subsequently, Firstart defaulted without doing any rehabilitation, and Bulldog foreclosed. SCN asserted its first priority rights under the subordination agreement. Bulldog contended that SCN lost its priority by failing to escrow the balance of the loan proceeds, and by paying off the fourth mortgage without Bulldog's knowledge or consent. At trial, and on appeal, the parties focus primarily on the escrow requirement.

The trial judge found that the Second Addendum eliminated any existing escrow duties imposed upon SCN as the beneficiary of a subordination agreement. In so ruling, the trial judge relied on his unappealed finding that the financing and subordination terms of the Buy-Sell Agreement were the subject of continuing negotiations. He also relied on Bulldog's subsequent signing of a separate, unconditional subordination agreement that made no mention of disbursement or escrow requirements. We agree with the trial judge's conclusion.

Bulldog's appellate argument on the fourth mortgage issue is so conclusory as to be an abandonment of the issue. *Williams v. Leventis*, 290 S.C. 386, 350 S.E. (2d) 520 (Ct. App. 1986). Moreover, Bulldog fails to demonstrate any resulting damage. Had SCN not paid off the fourth mortgage, Firstart would have received the money. No evidence suggests Firstart would have used the money for rehabilitation, or spent it in any fashion benefiting Bulldog's interest.

Bulldog relies heavily on the case of *Citizens and Southern National Bank of South Carolina v. Smith*, 277 S.C. 162, 284 S.E. (2d) 770 (1981). We find this case distinguishable for the following reasons:

(1) *Smith* involved a standard construction loan mortgage which commonly involves escrow and disbursement functions by the lender;

(2) *Smith* involved changes in the repayment terms of the loan to which the seller subordinated;

(3) in *Smith*, the seller did not sign a subsequent, separate and unconditional subordination agreement; and

(4) in *Smith*, the subordination clause of the agreement between the seller and the buyer specifically made subordination contingent upon performance of the terms of the loan, *and* was not amended subsequently to change the terms of subordination.

Accordingly, *Smith* does not control here.

Bulldog also appeals the trial judge's refusal to allow Bulldog to ask leading questions of SCN's closing attorney as an adverse witness under Rule 43(b)(2), SCRCP. The trial judge ruled correctly. The closing attorney was not an officer, director or managing agent of SCN; neither did SCN designate him under Rule 30(b)(6), SCRCP.

Accordingly, the judgment above is

Affirmed.