1585

Carlton A. SHIELDS, Sr., as Administrator of the Estate of Carlton A. Shields, Jr., Respondent v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.

(401 S.E. (2d) 185)

Court of Appeals

*Frank S. Potts* and *Michael H. Montgomery* of *Lide, Montgomery & Potts*, Columbia, *for appellant.*

*Clifford O. Koon, Jr.* of *Rogers, Koon, Waters & Thomas*, Columbia, *for respondent.*

Heard Nov. 5, 1990.

Decided Jan. 7, 1991.

GOOLSBY, Judge:

This is a wrongful death action brought by Carlton A. Shields, Sr., as administrator of the estate of Carlton A. Shields, Jr., against the South Carolina Department of Highways and Public Transportation. The administrator's son died when his automobile plunged into a 40-foot-wide, 15-foot-deep washout on a secondary road marked by a single "Road Closed" sign. The Department maintained no barricade between the sign and washout. Shields alleged in his complaint that the Department failed "to follow its own procedures regarding the type and placement of barricades and warning devices relative to hazardous situations in a roadway." The jury returned a verdict in Shields' favor in the amount of $750,000. The trial judge reduced the amount to $250,000. The Department appeals. The questions argued on appeal relate solely to the admissibility of certain evidence. We affirm.

## I.

The Department's exception regarding "the introduction [by Shields] of evidence of subsequent repairs, alterations, or precautions taken by the . . . Department after the date of the subject accident" affords no basis for reversal of the judgment. We recognize that evidence of subsequent remedial measures is not admissible to prove the conditions existing at the time of an accident. *Eargle v. Sumter Lighting Company*, 110 S.C. 560, 96 S.E. 909 (1918). Here, however, the trial judge cured his error in allowing evidence of subsequent repairs when he instructed the jury "[not] to consider any changes that were made after [the accident]" and to give the remedial measures undertaken by the Department "no consideration whatsoever." 5 Am. Jur. (2d) *Appeal and Error* § 807 at 249 (1962); 5A C.J.S. *Appeal and Error* § 1737 at 1048 (1958); *cf. Estridge v. Metropolitan Life Insurance Co.*, 178 S.C. 310, 182 S.E. 834 (1935) (wherein the Supreme Court upheld a denial of a new trial motion based on improper statements made by counsel where counsel withdrew the statement after objection and the trial court admonished counsel to stay within the record). It is not manifest that the prejudicial effect of the evidence remained despite its exclusion and that the evidence influenced the jury's verdict. 5A C.J.S. *supra* at 1049; *see Boylston v. Armour & Co.*, 196 S.C. 1, 12 S.E. (2d) 34 (1940) (wherein the Supreme Court held no prejudicial error occurred where evidence admitted over objection was later ruled incompetent and the jury was told to disregard it); *cf. Coogler v. Thompson*, 286 S.C. 168, 332 S.E. (2d) 215 (Ct. App. 1985) (the jury is presumed to have accepted the trial judge's corrected jury instructions).

## II.

The Department argues the trial court committed prejudicial error in allowing the Department's resident maintenance engineer to be examined regarding a statement made by the maintenance engineer in a written report to the Department concerning measures the Department might have taken to prevent the accident in question.

The resident maintenance engineer, who holds a degree in engineering from South Carolina State College, had been employed by the Department for 17 years, and was the official

responsible for the maintenance of roads and "protecting the traveling public from dangerous situations" of the type herein involved, routinely prepared a written "specialized accident report" for the Department sometime after the accident. He noted on the report form, which the Department provided, that the accident might have been prevented "[had] more barricades [been] placed closer to the washout." The maintenance engineer offered the conclusion in answer to the question on the form that asked whether there "were any defects in the highway facilities which may have contributed to this accident?"

The Department objected to the admissibility of the written report on which the latter statement appeared, claiming the written report constituted hearsay and "evidence of a subsequent remedial measure." The trial judge disallowed the written report in evidence, stating he would not permit it to be used "for remedial purposes;" however, the trial judge allowed the witness to be examined regarding his preparation of the report "and what he put in it" as to the placement of barricades.

We have serious doubts regarding whether the exception that raises the issue relating to the maintenance engineer's statement, Exception No. 2,[1] preserves the grounds of objection. The exception neither mentions the word "hearsay" nor the words "remedial measure." *See Knight v. Lee*, 262 S.C. 17, 202 S.E. (2d) 19 (1974) (a question not raised by any exception on appeal will not be considered).

Even if preserved, the hearsay objection is, at most, argued in a conclusory fashion; therefore, the exception purportedly preserving it may be deemed effectively abandoned. *Williams v. Leventis*, 290 S.C. 386, 350 S.E. (2d) 520 (Ct. App. 1986).

---

[1] Exception No. 2 reads:

The lower court erred by permitting the introduction of the statement completed by Arthur Lathan, an engineer employed by the defendant Department, concerning the measures that might have been taken by said Department which might have prevented the accident because the same was unduly prejudicial; should not have been used as proof of negligence against the defendant Highway Department; and was not properly admissible [sic] in evidence at trial for any other reason.

In any case, the introduction of a conclusion contained in a written report through the testimony of the person who prepared it and who was available for cross-examination is not reversible error. *See State v. Caldwell*, 283 S.C. 350, 351 322 S.E. (2d) 662, 662 (1984) ("[T]he fact that testimony is hearsay is unimportant if the declarant testifies and is available for cross examination."); *Clark v. Ross*, 284 S.C. 543, 551, 328 S.E. (2d) 91, 97 (Ct. App. 1985) ("[T]he admission in evidence of inadmissible hearsay affords no basis for reversal where the out-of-court declarant later testifies at trial and is available for cross-examination.").

The objection that the challenged statement constituted evidence of a subsequent remedial measure has no merit. The statement does not reflect that the Department carried out a remedial measure at the accident scene after the accident; rather, it simply reflects the opinion by the Department's maintenance engineer that the absence of additional barricades nearer the accident scene at the time of the accident might have constituted a defect in the highway and might have contributed to the accident.

### III.

The Department argues the trial court committed prejudicial error in allowing Shields' expert witness to testify over objection that the Department's placement of warning signs and devices on the highway on which Shields was killed "borders on criminal negligence." The Department objected to this testimony and gave as its ground that "[t]he witness does not have the ability to comment on what the law is."[2] *See* 32 C.J.S. *Evidence* § 453 at 91 (1964) ("As a general rule, a witness will not be permitted to state a conclusion, or opinion, of law....").

---

[2] Although the Department argues on appeal other grounds in addition to the one given at trial for the exclusion of the testimony, it is limited on appeal to the ground assigned at trial. *See South Carolina National Bank v. Joyner*, 289 S.C. 382, 346 S.E. (2d) 329 (Ct. App. 1986) (an exception raised on appeal must be on the same ground as the corresponding objection in the trial court); *Bramlett v. Davis*, 289 S.C. 85, 87-88, 344 S.E. (2d) 867, 869 (Ct. App. 1986) ("An evidentiary objection must state the proper grounds for objection; a party who relies on grounds not taken at the trial level will not be deemed to have preserved the issue for appeal.").

We do not agree with the Department that the expert witness commented "on what the law is" regarding placement of warning signs and devices. Rather than express an opinion on the law, the expert witness merely gave his opinion on an issue of fact, *i.e.*, whether the signs and devices used by the Department on Highway 441 sufficiently warned travelers of the hazards they would encounter in using the highway at that time. *Cf. Kirkland v. Peoples Gas Co.*, 269 S.C. 431, 237 S.E. (2d) 772 (1977) (an expert is not allowed to interpret regulations of the Department of Transportation); *In re Estate of Powers*, 375 Mich. 150, 134 N.W. (2d) 148 (1965) (an expert may not create new legal definitions and standards on the issue of an individual's incompetency to make a will); *Hawkins v. Chandler*, 88 Idaho 20, 396 P. (2d) 123 (1964) (a lay witness may not testify concerning the law on the use of flares by wrecker drivers).

Affirmed.

GARDNER, J., concurs.

BRUCE LITTLEJOHN, Acting Judge, dissents in a separate opinion.

BRUCE LITTLEJOHN, Acting Judge, dissenting:

I respectfully dissent and would order a new trial for reasons hereinafter stated. Either one of the grounds on which I rely is sufficient to warrant a retrial. Certainly, the two collectively denied the Highway Department a fair trial.

## I.

Witness Anderson, a hunter who frequented the area, testified relative to the area surrounding the place of the accident. Upon redirect examination by counsel for the Plaintiff, Mr. Anderson was asked:

> Q. All right, in that case, Mr. Anderson, let me ask you if you ever observed any piles of dirt and barricades that the Highway Department might have put out there *after the accident?* (Emphasis Added)
> MR. MONTGOMERY: Objection, Your Honor.
> MR. KOON: Your Honor, he has opened the door.
> MR. MONTGOMERY: No, sir.

THE COURT: I will permit it. Objection overruled. Proceed.

Q. After this accident, what kind of steps, if you recall, if you observed it, did the Highway Department take to protect this ravine?

A. After the accident?

Q. Yes, sir?

A. They had put some other kind of barricade closer to the hole.

Q. Right at the hole?

A. No, it wasn't right at the hole, it was—Well, I really don't know how far from the hole it was, but it was—

Counsel for the Highway Department addressing the Court said: "Your Honor, I have a matter of law I would like to take up with the Court."

The judge replied: "All right, sir, we will argue it at the recess. Proceed, if you would like."

The line of questioning was clearly improper as was later recognized by the Court. The contention of counsel for the Plaintiff that the attorney for the Highway Department had ". . . opened the door" simply is not substantiated by a review of his cross-examination.

Later on, before any recess, and before the judge could rule on the matter, counsel for the Plaintiff pursued the matter further when Dr. Phillip Wilkins was testifying. He inquired of Dr. Wilkins as follows:

Q. Now, Dr. Wilkins, let me ask you if after the accident you observed any measures taken by the Highway Department to change this—

MR. MONTGOMERY: We object, Your Honor.

MR. KOON: Your Honor, they have already opened the door to this area of inquiry. They asked a previous witness about it.

The Court then declared a recess and made the following comment: "Mr. Koon, as you know, changes of condition afterwards is not admissible. Now, what are you basing the fact that it is admissible on?"

Counsel then argues that the door had been opened, whereupon the judge, apparently realizing that the door had not

been opened and that the evidence had been improperly sought and allowed, gave a curative instruction. If the door had been opened, as argued by counsel, no curative instruction would have been required.

By reason of the manner the issue was handled, the curative instruction did not overcome the prejudice. Technically, the ground of the objection should have been stated, but apparently counsel interrupted; obviously both the judge and opposing counsel understood the ground.

## II.

I agree with counsel for the Highway Department that witness Robert Roberts, an expert as to accident reconstruction, was allowed to testify improperly. He was asked to give his opinion ". . . as to the sufficiency of the signs and warning devices on Highway 441 before the accident. . . ."

He responded:

> A. My opinion was that this signing was grossly inadequate. I mean, I may be going beyond the context of what I should say here, sir, by my opinion was this signing out there borders on criminal negligence on someone's part.

Assuming without deciding that there was involved matters about which expert testimony should be permitted, I think the witness should not have been permitted to denominate the conduct of the Highway Department employees as bordering ". . . on criminal negligence on someone's part." It can be forcefully argued that members of the jury are just as capable of determining what warnings reasonable prudent employees would have provided as is an expert.

The terms "negligence," "gross negligence," "willfulness," "wantonness" and "recklessness" are well known to the law of torts in this state. Traditionally, "criminal negligence" has neither been alleged nor defined by the trial judges in tort cases. I am unaware of any definition in the statute or in our cases of "criminal negligence" as relate to civil litigation. The term is defined in the case of *Commonwealth v. Heck*, 341 Pa. Super. 183, 491 A. (2d) 212 (1985), *aff'd*, 517 Pa. 192, 535 A. (2d) 575 (1987) as follows:

"Criminal negligence" is a breach of duty so flagrant in the circumstances that we may safely indulge the legal fiction that it was committed with actual intent to injure. . . .

*Id.* at 209, 491 A. (2d) at 225.

Counsel's objection to the statement as being a comment on the law was proper. The testimony, if not a question of law, was at least a comment on a mixed question of law and fact. In no event was the objection sufficiently defective to warrant a denial of a review by this Court.

The witness's testimony might easily be interpreted to infer that the employees of the Highway Department had actual intent to injure. The testimony of this witness reciting "criminal negligence" was emphasized by counsel in closing argument. In my view, the error was prejudicial.