**1372**

Mildred GASS, Appellant v. Risley HAINES, M.D. and Baptist Medical Center, Respondents.

(381 S. E. (2d) 923)

Court of Appeals

*H. Wayne Floyd,* West Columbia, *for appellant.*

*Jeter E. Rhodes* and *Heyward E. McDonald,* Columbia, *for respondents.*

Heard May 10, 1989.

Decided July 10, 1989.

*Per Curiam:*

Mildred Gass sued Risley Haines, M.D. and Baptist Medical Center alleging medical malpractice. The judge directed verdicts for Haines and Baptist. Gass appeals the granting of the directed verdicts. We affirm.

On appeal from the granting of a directed verdict, the reviewing court must view the evidence and all reasonable inferences in the light most favorable to the party opposing the motion. *Haulbrooks v. Overton,* 295 S. C. 380, 368 S. E. (2d) 676 (Ct. App. 1988).

On November 8, 1984, Gass cut the heel of the palm of her right hand on a peanut butter jar. Later that same day, she was admitted to Baptist Medical Center for treatment of a drug overdose taken during an attempted suicide. When she regained consciousness, she complained about pain in her hand. After the hand became inflamed, the hospital made arrangements for Gass to visit her regular physician, Dr. Haines.

On November 14, 1984, Gass went to Haines's office. Haines removed a piece of glass from the heel of her hand and inserted a drain to treat the infection. Gass testified that Haines stated (1) he might have left some glass in the hand, (2) glass had a way of working itself out, and (3) she should come back in six months if she had any problems. After the operation, Gass returned to the hospital.

The next day, Haines removed the drain. Until her release from Baptist Medical Center on November 30, 1984, Gass continued to complain about pain in her hand. Gass testified that, within six months, she returned to Haines for another ailment and showed him the hand. At that visit, Haines did nothing to the hand.

Meanwhile Gass returned to work and saw her company's doctor, Dr. Koon, about pain in her hand. In June 1985, Koon referred Gass to Dr. Kirkley, an orthopedic surgeon. Gass complained of swelling of the wrist and tingling and

numbness in the fingers. In July 1985, Kirkley ordered an x-ray and C.A.T. scan of the wrist. The tests showed a foreign material in the wrist. Kirkley subsequently removed a piece of glass from Gass's wrist. This suit followed.

At trial, Dr. Kirkley testified about his care of Gass and his personal opinion of the use of x-rays in similar cases. He testified he was not familiar with the standard of care for general practitioners or orthopedic surgeons. Gass offered no expert testimony on the standard of care for nurses.

In a medical malpractice action the plaintiff must establish by expert testimony both the required standard of care and the defendant's failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge or experience, so that no special learning is needed to evaluate the defendant's conduct. *Botehlo v. Bycura*, 282 S. C. 578, 320 S. E. (2d) 59 (Ct. App. 1984).

Gass asserts that this case falls within the common knowledge exception. However, in her complaint, Gass alleges Haines (1) failed properly to examine and diagnose the extent of the injury; (2) failed to examine the injury by x-ray or other means; (3) failed to take reasonable precautions to insure that all the glass fragments were removed; and (4) failed to take reasonable steps to provide post-operative care. These allegations deal with the treatment of glass puncture wounds which is not in the common knowledge of a jury. *See Botehlo v. Bycura, supra* (matters of proper diagnosis and treatment ordinarily involve technical knowledge beyond the ken of laymen). The jury does not know what constitutes a proper examination of a puncture wound, or when an x-ray or C.A.T. scan is appropriate, or what is proper post-operative care.

Gass's reliance on the common knowledge exception to show the nursing standard of care is also misplaced. She alleges that the nurses at Baptist failed to diagnose and treat the injury. Nothing in the record establishes that nurses have a duty to diagnose injuries. Nothing establishes that nurses should undertake a course of treatment not ordered by a physician. There is no expert testimony on the nursing standard of care. Gass does not suggest what the nurses should have done to treat her hand. She

does not claim the nurses failed to follow orders of the treating physician. This is precisely why there is a need for expert testimony to establish the nursing standard of care. The jury does not know what a nurse should do to treat a puncture wound. Without expert testimony on these matters, Gass has failed to prove her case.

For the reasons given, the judgment is

Affirmed.