1472

AMERICAN FEDERAL BANK, FSB, formerly American Federal Savings and Loan Association, Respondent v. Gene A. PARKER, Appellant.

(392 S.E. (2d) 798)

Court of Appeals

*John A. Hagins* of *Brown & Hagins*, Greenville, and *Marcus K. McGarr* of *Brown & Hagins*, Spartanburg, *for appellant.*

*O.W. Bannister, Jr.* of *Hill, Wyatt & Bannister*, Greenville, *for respondent.*

Heard Feb. 19, 1990.

Decided March 19, 1990.

CURETON, Judge:

American Federal Bank filed suit to recover on a promissory note executed by Gene Parker. Parker answered alleging he did not borrow the full amount of the note. He counterclaimed contending the bank was negligent and breached its fiduciary duty in handling the transaction causing him to

suffer damages. The circuit court directed a verdict for American Federal on its complaint and on Parker's counter-claim. The court entered judgment for American Federal in the amount of $71,572. Parker appeals. We affirm.

Timothy Kirkman is the focal point of this case. Kirkman was involved in the horse business. He knew John Roundtree, a loan officer for American Federal. Kirkman and Roundtree conceived a business arrangement in which Kirkman would locate buyers for horses and the buyers could seek financing from American Federal. Roundtree gave Kirkman blank promissory notes and security agreements from American Federal. Kirkman was to locate the potential purchaser, take care of the paperwork, and bring the documents to the bank for approval of the purchaser's loan.

Kirkman entered into a purchase agreement with Gene Parker, a horse dealer. Parker agreed to co-purchase a horse named Wills Hightime with Kirkman for $35,000. Parker signed the American Federal promissory note in blank. He also executed in blank a security agreement which authorized the bank to disburse the funds to the seller of the collateral. Kirkman told Parker that he would co-sign the note and complete the details of the transaction with the bank. However, Kirkman did not co-sign the note but he did complete it for $85,000 as opposed to $35,000. Kirkman took the note with Parker's signature to Roundtree at American Federal. Kirkman received two checks from the bank payable to him in the amounts of $35,000 and $50,000. Kirkman represented to Roundtree that he was the seller of the horse. Apparently, Kirkman took the $35,000 and paid the money to the actual seller and Parker received the horse. Parker began making payments to the bank. He called upon Kirkman to assist in the payments per their purported co-purchase agreement. Needless to say, Kirkman skipped town without paying Parker or the bank and taking the additional $50,000 with him. Parker repaid the $35,000 but refused to pay any more. He argues he only agreed to borrow $35,000 and the other $50,000 was unauthorized by him. It is his contention the bank cannot recover the balance from him because the bank did not follow reasonable commercial practices in the handling of the loan and it breached a fiduciary duty owed to him.

In ruling on a directed verdict motion the trial court and the reviewing court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party and if it is susceptible of more than one reasonable inference the case should be submitted to the jury. *Cutchin v. South Carolina Dept. of Highways and Public Transp.*, 389 S.E. (2d) 646, Opinion Number 23138 (S.C. Sup. Ct. filed January 22, 1990); *Gass v. Haines*, 298 S.C. 549, 381 S.E. (2d) 923 (Ct. App. 1989).

Parker executed a promissory note in blank. Under the Uniform Commercial Code the maker of a note agrees to pay the instrument according to its tenor at the time of engagement "or as completed pursuant to Section 36-3-115 on incomplete instruments." *S.C. Code Ann.* Section 36-3-413(1) (1976). Under Section 36-3-115(2) if the completion of an instrument is unauthorized the rules as to material alteration apply. Under Section 36-3-407(1)(b) the completion of an incomplete instrument otherwise than as authorized is considered an alteration. However, under Section 36-3-407(3) a subsequent holder in due course may enforce an incomplete instrument as completed. Official Comment 4 indicates that where blanks are filled or an incomplete instrument is otherwise completed the loss is placed upon the party who left the instrument incomplete and the holder is permitted to enforce it according to its completed form.

We agree with the trial court that no jury issue is created and the bank was entitled to the directed verdicts. The responsibility for the situation rests with Parker. He and Kirkman negotiated their deal. Parker signed a blank promissory note. He relied upon Kirkman to co-sign the note and fill it in for $35,000. Parker's negligence substantially contributed to the material alteration as a matter of law. *Cf. Burwell v. South Carolina National Bank*, 288 S.C. 34, 340 S.E. (2d) 786 (1986) (experienced businessman had responsibility to be aware of contents of documents before he signed them). Parker argues it was not reasonable commercial practice for American Federal to give Kirkman possession of blank promissory notes. After the fact, Parker argues the bank should have contacted him or checked to be sure everything was correct before disbursing the proceeds of the loan to Kirkman. There is no evidence in the record to

establish the bank had any reason to inquire into the facial validity of the note. The note was complete when presented to the bank and there were no obvious alterations on it. The bank loan officer had known Kirkman for several years. He also had met Parker in the past and knew Parker was in the horse business. Further, there was testimony that banking practices do not prohibit execution of promissory notes outside of the bank in some cases although it is not a routine practice.

The record establishes American Federal took the note in good faith and without notice of any defense to it by Parker. American Federal gave value for the note when it disbursed the funds to Kirkman. As a holder in due course, American Federal may enforce the note against Parker as completed. *S.C. Code Ann.* Sections 36-3-302, 36-3-407(3) (1976); *Virginia Capital Bank v. Aetna Casualty & Surety Co.*, 231 Va. 283, 343 S.E. (2d) 81 (1986). There was no evidence in the record of a fiduciary relationship between Parker and American Federal. Their relationship was one of a creditor and a debtor. *Burwell*, 288 S.C. 34, 340 S.E. (2d) 786. We find no breach of a fiduciary duty as argued by Parker.

Parker has also argued the court erred in refusing permission to publish certain portions of his deposition. In his brief he states this is not reversible error. Since he does not contend the court committed reversible error we need not address this issue. Further, he argues error in the method of the jury strikes since he was required to share his four strikes with a former third-party defendant. Parker's argument on this point is contained in one sentence. We view it as effectively abandoned. *Williams v. Leventis*, 290 S.C. 386, 350 S.E. (2d) 520 (Ct. App. 1986).

Affirmed.

GARDNER and BELL, JJ., concur.