1806

Larry J. ARMSTRONG, Appellant v. UNION CARBIDE, Employer, and American Motorists Insurance Company, Carrier, Respondents.

(417 S.E. (2d) 597)

Court of Appeals

*Desa A. Ballard, Ness, Motley, Loadholt, Richardson & Poole, P.A.*, Barnwell; and *James J. Reid*, Greenville, *for appellant.*

*Michael A. Farry, Horton, Drawdy, Ward & Johnson,* Greenville, *for respondents.*

Heard March 16, 1992.

Decided April 13, 1992.

CURETON, Judge:

This is a workers' compensation case in which the employee seeks compensation for an occupational disease. The employee, Larry Armstrong, claimed he suffered from chronic renal calculi (i.e. kidney stones) due to exposure to ethylene glycol in the workplace. The single commissioner found Armstrong suffered from an occupational disease and awarded compensation and medical benefits. The employer, Union Carbide, appealed and the appellate panel of the Workers' Compensation Commission unanimously reversed the decision of the single commissioner finding Armstrong had not met the elements of an occupational disease as defined by statute, and had also failed to establish a causal connection between his employment with Union Carbide and his medical condition. Armstrong appealed to the circuit court which affirmed the decision of the Commission. Armstrong now appeals the decision of the circuit court. We affirm.

Larry Armstrong was employed by Union Carbide from 1965 to 1985. He worked in the formation room which housed tanks containing a chemical mixture of ethylene glycol, phosphoric acid, and distilled water. The ethylene glycol mixture created a mist when heated. Armstrong indicated he often suffered episodes of dizziness and feelings of intoxication from inhaling the mist. In 1966, Armstrong began to suffer frequent episodes of kidney stones. The single commissioner found Armstrong had been hospitalized three to four times per year since 1966 with episodes of renal calculi and Armstrong estimated he had passed several hundred kidney stones over the years. Armstrong had undergone extensive medical screening and evaluations to determine the source of his chronic problem. He retired from Union Carbide in 1985 and has continued to suffer from kidney stones.

In concluding Armstrong failed to meet the definition of occupational disease, the Commission reviewed Armstrong's medical history and found evidence of problems with urinary

calculi before his employment at Union Carbide as well as after he ceased employment. His treating physician, Dr. Linton West, was unable to state that exposure to ethylene glycol was a causative factor. The Commission also reviewed the testimony of Armstrong's expert witness, Dr. Harold Imbus, and found the testimony and evidence presented by Armstrong did not meet the "most probable" standard. The expert witness for Union Carbide, B.K. Kwon, reviewed Armstrong's medical records and opined there was most probably no direct causal association between the ethylene glycol and the kidney stones given the lack of human data to support ethylene glycol as a causative agent and the continued renal stone formation without occupational exposure.

Armstrong filed twenty-nine exceptions with the circuit court from the decision of the Commission. The circuit court affirmed the decision based upon the substantial evidence in the record "after careful review of all 29 exceptions filed [by the employee and] considering the entire record before the Workers' Compensation Commission. . . ." Armstrong filed a Rule 59(e) motion in the circuit court asserting the court failed to address many of his exceptions. The circuit court denied the motion to reconsider finding it properly addressed all grounds and exceptions raised by Armstrong. In appealing the decision of the circuit court, Armstrong asserts the circuit court erred in failing to consider all of his exceptions and in finding the testimony of Dr. Imbus did not meet the "most probable" standard.

The Workers' Compensation Commission is the fact-finder in a workers' compensation case and makes the final determination of witness credibility and the weight to be given evidence. *Ross v. American Red Cross*, 298 S.C. 490, 381 S.E. (2d) 728 (1989). A reviewing court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact. The findings of the Commission will be set aside only if unsupported by substantial evidence. *McGuffin v. Schlumberger-Sangamo*, 414 S.E. (2d) 162 (S.C. Sup. Ct. 1992) (Davis Adv. Sh. No. 4 at 46).

Armstrong first asserts the circuit court failed to address all the exceptions he raised from the decision of the Commission. The order of the circuit court does not separately list and address each of the twenty-nine excep-

tions. However, the order clearly states all exceptions were considered. In reviewing the text of the order and the exceptions, we find the circuit court adequately considered the substance of all the grounds for appeal raised by Armstrong. Quite simply, the circuit court found substantial evidence to support the decision of the Commission.

Armstrong also asserts the circuit court and Commission erred in finding the testimony of Dr. Imbus did not meet the applicable standard for expert testimony. We have reviewed the deposition testimony of Dr. Imbus. He expressed an opinion the ethylene glycol exposure "was a reasonably probable causal factor in the development of [the] renal calculi." When cross examined about several additional aspects of Armstrong's medical history, Dr. Imbus testified a history of kidney stones before the chemical exposure might effect his opinion as to causal relationship but "even with the prior history of kidney stones, it's quite possible that the ethylene glycol that he was exposed to could aggravate it and make it much worse." During the cross examination Dr. Imbus admitted he had not reviewed all of Armstrong's medical records. He had also recommended several additional studies to be performed before a final determination including additional study of the literature on ethylene glycol, an industrial hygiene review, and an occupational medical evaluation by a specialist in occupational medicine. None of these steps had been taken.

Obviously, this was a case in which expert testimony was important because the medical effect of inhalation of ethylene glycol is not a matter within the common knowledge and experience of most individuals. *Cf. Gass v. Haines*, 298 S.C. 549, 381 S.E. (2d) 923 (Ct. App. 1989) (medical malpractice case). As the factfinder the Commission was required to assess and weigh the evidence. *Ross*, 298 S.C. 490, 381 S.E. (2d) 728. The Commission had to judge the weight to be given the testimony of Dr. Imbus considering the medical history he had not reviewed and the failure to obtain the recommended additional studies. Assuming both experts testified to the "most probable" standard but reached opposite conclusions, it was still a matter for the factfinder to resolve based upon its view of the evidence. We find substantial evidence to support the decision of the Commission and the circuit court.

Affirmed.

GARDNER and BELL, JJ., concur.