**ON REHEARING**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1215**

GENERALI-US BRANCH,

Plaintiff - Appellant,

v.

AMERICAN SOUTHERN INSURANCE COMPANY; CERTAIN UNDERWRITERS AT
LLOYD'S LONDON; NORTHFIELD INSURANCE COMPANY; COLONY INSURANCE
COMPANY,

Defendants - Appellees,

and

COASTAL EXTERIORS, INCORPORATED; AGEE-MCCOY, INCORPORATED,

Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Matthew J. Perry, Jr., Senior
District Judge. (3:03-cv-04057-MJP)

Submitted: December 10, 2007          Decided: June 6, 2008

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John R. Murphy, Adam J. Neil, MURPHY GRANTLAND, P.A., Columbia, South Carolina, for Appellant. Stephen L. Brown, Russell G. Hines, YOUNG CLEMENT RIVERS, LLP, Charleston, South Carolina; Steven E. Farrar, Thomas M. Larkin, LEATHERWOOD, WALKER, TODD & MANN, P.C., Greenville, South Carolina; Robert M. Darroch, Constance B. Woods, GOODMAN, MCGUFFEY, LINDSEY & JOHNSON, LLP, Atlanta, Georgia; Thomas F. Dougall, LAW OFFICE OF THOMAS DOUGALL, Elgin, South Carolina; Philip E. Reeves, GALLIVAN, WHITE & BOYD, P.A., Greenville, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Generali Insurance Company appeals from the district court's order granting partial summary judgment to Defendants. The district court concluded that the Defendant insurance companies were not responsible for reimbursing Generali for its defense of Agee-McCoy, Inc., in the various suits brought against Agee-McCoy.

The district court concluded that Agee-McCoy was never an insured under any of the Defendants' insurance policies and that the Defendants therefore had no duty to defend with regard to the claims asserted against Agee-McCoy. See Shelby Mut. Ins. Co. v. Askins, 413 S.E.2d 855, 859 (S.C. Ct. App. 1992) ("Fundamental to the concept of duty to defend is the requirement that the party seeking the defense must be an insured under a contract of insurance.").

Generali in its opening brief does not contend that the district court erred in concluding that Agee-McCoy was not an insured under the Defendants' policies, nor does it argue that South Carolina law imposes a duty to defend claims asserted against a party who is not an insured. Instead, Generali asserts that the policies at issue obligate the Defendants to pay all sums that their insured (Coastal Exteriors, Inc.) becomes obligated to pay as damages and that, under various theories of successor liability, Coastal Exteriors will be liable for any judgments against Agee-McCoy. The Defendants' policies, however, do not require the

Defendants to pay all sums that Coastal Exteriors becomes obligated to pay as damages, but to pay those sums Coastal Exteriors becomes legally obligated to pay as damages because of bodily injury or property damage to which the insurance applies. Because Generali presents no argument in its opening brief as to how the insurance policies apply to claims made against a party who is not an insured under the policies, we affirm the district court's grant of partial summary judgment in favor of the Defendants. See Fed. R. App. P. 28(a)(9)(A) (requiring argument section of brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); Williams v. Giant Food, Inc., 370 F.3d 423, 430 n.4 (4th Cir. 2004) (deeming abandoned issues not supported by argument in appellate brief).[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]We decline to consider the arguments made for the first time in Generali's reply brief. See Cavallo v. Star Enter., 100 F.3d 1150, 1152 n.2 (4th Cir. 1996) (refusing to consider an issue first raised in appellant's reply brief, explaining that to consider the issue "would be unfair to the appellee and would risk an improvident or ill-advised opinion on the legal issues raised" (internal quotation marks omitted)).